EUGENE SCALIA, SBN 151540
　escalia@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Plaintiffs Chamber of Commerce of the United States of America, California Chamber of Commerce, American Farm Bureau Federation, Los Angeles County Business Federation, Central Valley Business Federation, and Western Growers Association*

(*Additional counsel listed on next page*)

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA,
WESTERN DIVISION

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, CALIFORNIA CHAMBER OF COMMERCE, AMERICAN FARM BUREAU FEDERATION, LOS ANGELES COUNTY BUSINESS FEDERATION, CENTRAL VALLEY BUSINESS FEDERATION, and WESTERN GROWERS ASSOCIATION,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>LIANE M. RANDOLPH, in her official capacity as Chair of the California Air Resources Board, STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board, and ROBERT A. BONTA, in his official capacity as Attorney General of California.<br><br>　　　　Defendants. | CASE NO. 2:24-cv-00801-ODW-PVC<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DENY OR DEFER PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON CLAIM I UNDER RULE 56(d)**<br><br>**HEARING:**<br><br>Date:　　Sept. 9, 2024<br>Time:　　1:30 PM<br>Location: Courtroom 5D<br>Judge:　 Otis D. Wright II |

BRADLEY J. HAMBURGER, SBN 266916
   bhamburger@gibsondunn.com
SAMUEL ECKMAN, SBN 308923
   seckman@gibsondunn.com
ELIZABETH STRASSNER, SBN 342838
   estrassner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Ave.
Los Angeles, CA  90071-3197
Telephone:   213.229.7000
Facsimile:    213.229.7520

BRIAN A. RICHMAN
(*pro hac vice*)
   DC Bar No. 230071
   brichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Ave., Suite 2100
Dallas, TX  75201-2923
Telephone:  214.698.3100
Facsimile:    214.571.2900

*Attorneys for Plaintiffs Chamber of Commerce of the United States of America, California Chamber of Commerce, American Farm Bureau Federation, Los Angeles County Business Federation, Central Valley Business Federation, and Western Growers Association*

DARYL JOSEFFER
(*pro hac vice*)
   DC Bar No. 457185
   djoseffer@uschamber.com
TYLER S. BADGLEY
(*pro hac vice*)
   DC Bar No. 1047899
   tbadgley@uschamber.com
KEVIN PALMER
(*pro hac vice*)
   DC Bar No. 90014967
   kpalmer@uschamber.com
CHAMBER OF COMMERCE OF THE
UNITED STATES OF AMERICA
1615 H Street, NW
Washington, D.C.  20062-2000
Telephone:  202.659.6000
Facsimile:    202.463.5302

*Attorneys for Plaintiff Chamber of Commerce of the United States of America*

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................................... 1

II. BACKGROUND ....................................................................................................... 2

III. LEGAL STANDARD ............................................................................................... 4

IV. ARGUMENT ............................................................................................................ 4

    A.    The State's Proposed Discovery Is Irrelevant Given the Nature of Plaintiffs' Constitutional Claims .............................................................. 5

        1.    The State's "Financial" Discovery Is Beside the Point ................... 5

        2.    The State's "Controversy" Discovery Is an Abuse of Power .......... 6

        3.    The State's "Single Transaction" Discovery Is Predicated on a Misapprehension of Plaintiffs' Arguments ................................... 8

    B.    The State Fails to Comply with the Requirements of Rule 56(d) .............. 9

V. CONCLUSION ....................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Adams v. Allstate Ins. Co.*,
  187 F. Supp. 2d 1207 (C.D. Cal. 2002) .................................................................. 4, 10

*Am. Hosp. Ass'n v. Azar*,
  983 F.3d 528 (D.C. Cir. 2020) .................................................................................... 2

*Ashley v. City of San Francisco*,
  2013 WL 12172622 (N.D. Cal. Oct. 7, 2013) .......................................................... 10

*Brae Transp., Inc. v. Coopers & Lybrand*,
  790 F.2d 1439 (9th Cir. 1986) ................................................................................ 4, 9

*Brown v. Ent. Merchants Ass'n*,
  564 U.S. 786 (2011) .................................................................................................... 1

*Cell-Crete Corp. v. Lexington Ins. Co.*,
  2015 WL 12644565 (C.D. Cal. Feb. 5, 2015) ............................................................ 6

*Cheyenne Arapaho Tribes of Oklahoma v. United States*,
  558 F.3d 592 (D.C. Cir. 2009) .................................................................................... 6

*Comm. for First Amendment v. Campbell*,
  962 F.2d 1517 (10th Cir. 1992) .................................................................................. 9

*Contemporary Mission, Inc. v. U.S. Postal Serv.*,
  648 F.2d 97 (2d Cir. 1981) .................................................................................... 9, 10

*Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*,
  525 F.3d 822 (9th Cir. 2008) ...................................................................................... 6

*FCC v. League of Women Voters of Cal.*,
  468 U.S. 364 (1984) .................................................................................................... 9

*Harris v. Am. Med. Int'l, Inc.*,
  982 F.2d 528 (10th Cir. 1992) .................................................................................. 10

*Harrison v. Office of Architect of Capitol*,
  281 F.R.D. 49 (D.D.C. 2012) ...................................................................................... 9

*Hernandez v. Ventura Cnty.*,
  2014 WL 4829055 (C.D. Cal. Sept. 25, 2014) ......................................................... 10

*IMDb.com, Inc. v. Becerra*,
  257 F. Supp. 3d 1099 (N.D. Cal. 2017) ................................................. 1, 2, 5, 6, 8, 10, 11

*IMDb.com, Inc. v. Becerra*,
  962 F.3d 1111 (9th Cir. 2020) ................................................................................. 1, 2

*Janus v. Am. Fed'n of State, Cnty., & Mun. Emps., Council 31*,
  585 U.S. 878 (2018) ........................................................................................... 6, 7, 8

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Kennedy v. Bremerton Sch. Dist.*,
  597 U.S. 507 (2022) ................................................................................... 9, 10

*Martinez v. Columbia Sportswear USA Corp.*,
  553 Fed. App'x 760 (9th Cir. 2014) ................................................................ 11

*Mory v. City of Chula Vista*,
  2008 WL 360449 (S.D. Cal. Feb. 11, 2008) .................................................... 11

*Nat'l Ass'n of Wheat Growers v. Bonta*,
  85 F.4th 1263 (9th Cir. 2023) ........................................................................... 1

*Nat'l Inst. of Family & Life Advocates v. Becerra*,
  585 U.S. 755 (2018) .......................................................................................... 1

*Reshard v. Peters*,
  579 F. Supp. 2d 57 (D.D.C. 2008) .............................................................. 4, 10

*Riley v. Nat'l Fed'n of the Blind of N.C., Inc.*,
  487 U.S. 781 (1988) ..................................................................................... 5, 8

*Sec'y of State of Md. v. Joseph H. Munson Co.*,
  467 U.S. 947 (1984) ..................................................................................... 8, 9

*Suhovy v. Sara Lee Corp.*,
  2014 WL 1400824 (E.D. Cal. Apr. 10, 2014) ................................................... 9

*Wooley v. Maynard*,
  430 U.S. 705 (1977) .......................................................................................... 8

**Statutes**

Cal. Health & Safety Code § 38533(a)(2) .............................................................. 7

Cal. Health & Safety Code § 38533(b)(1)(A)(i) ..................................................... 7

**Rules**

Fed. R. Civ. P. 56(d) .................................................................................. 4, 9, 11

## I. INTRODUCTION

The State's motion seeking to defer this Court's adjudication of Plaintiffs' First Amendment challenge follows a familiar playbook: The State first "enact[s] a speech restriction without an adequate justification," and then its "lawyers double down on their client's constitutional error by imposing irrelevant, burdensome, even harassing discovery obligations on a party that seeks only to vindicate its First Amendment rights in court." *IMDb.com, Inc. v. Becerra*, 257 F. Supp. 3d 1099, 1103 (N.D. Cal. 2017), *aff'd*, 962 F.3d 1111 (9th Cir. 2020). When faced with California's abusive approach to First Amendment litigation, Judge Chhabria rightly concluded "[t]hat should never happen" and refused to permit discovery—a ruling the Ninth Circuit later affirmed. *Id.*

The State nonetheless employs this same improper tactic here, again seeking to engage in expansive, highly burdensome discovery in a bid to stave off a prompt adjudication of Plaintiffs' constitutional challenge, presenting only pure questions of law—going so far as to threaten Plaintiffs' members, none of whom are parties to this action, with broad subpoenas, sweeping document requests, and multiple depositions. The Court should reject this attempt to use burdensome discovery to silence those who dare to assert their First Amendment rights, and it should deny the State's motion under Federal Rule of Civil Procedure 56(d).

This case concerns a straightforward, facial challenge to two California laws—S.B. 253 and 261—that compel thousands of companies to speak against their will on a matter of enormous public concern. Dkt. 48-1 at 3. All parties, including the State, agree that Plaintiffs' motion can be resolved as a matter of law. *See* Dkt. 52 at 2. And the Supreme Court and the Ninth Circuit have resolved numerous similar cases against the California Attorney General in similar procedural postures, all without discovery. *See, e.g.*, *Brown v. Ent. Merchants Ass'n*, 564 U.S. 786 (2011); *Nat'l Ass'n of Wheat Growers v. Bonta*, 85 F.4th 1263 (9th Cir. 2023); *IMDb.com, Inc. v. Becerra*, 962 F.3d 1111 (9th Cir. 2020); *see also Nat'l Inst. of Family & Life Advocates v. Becerra*, 585 U.S. 755 (2018). Cases cited by the State (Dkt. 57-1) were similarly resolved without

discovery. *See, e.g.*, *Am. Hosp. Ass'n v. Azar*, 983 F.3d 528 (D.C. Cir. 2020). There is no reason to defer a ruling on Plaintiffs' First Amendment claims so the State can engage in irrelevant—burdensome—"fishing." *IMDb.com*, 257 F. Supp. 3d at 1102.

The proposed discovery requests—like the State's 6,072 pages of other "factual" submissions, *see* Dkts. 52-1 to -13, 53, 54, 55, 56—are nothing more than an attempt to divert the Court's attention from the fundamental legal failings of the State's case: S.B. 253 and 261 unconstitutionally compel speech on a hot-button policy issue, they do not fit within any of the more relaxed standards for First Amendment review cited by the State, and they flunk any level of scrutiny anyway. The State nonetheless claims to need discovery on three topics: the "financial" burden of the laws, the "existence" of "controversial aspects of climate change," and the "prevalen[ce]" of covered companies that engage "in a single transaction within the State." Dkt. 57-1 at 2. But nothing the State wishes to seek in discovery is material to the merits of Plaintiffs' facial constitutional challenge. And, in any event, the State fails entirely to explain—in fact, its declaration does not even address—why the information it claims to need is (as the State claims) in Plaintiffs' "sole possession," nor why the State's existing 6,072-page record is insufficient to mount an opposition.

In short, no amount of "information discovered . . . could unsettle" the facial invalidity of S.B. 253 and 261. *IMBD.com*, 962 F.3d at 1128. The Court should declare the laws what they are—unconstitutional—and not "defer" the inevitable to another day while the State pursues harassing, irrelevant discovery in the interim. Dkt. 57-1 at 1.

## II. BACKGROUND

This case includes a facial First Amendment challenge to two California laws, S.B. 253 and 261, which require companies to publicly state their opinions regarding the risks associated with climate change and to embrace inexact, misleading calculations of their greenhouse-gas emissions and their customers' and suppliers'. Dkt. 48-1 at 1. Plaintiffs, a coalition of business associations, challenged these laws as facially unconstitutional because (among other reasons) they violate the First Amendment.

Gibson, Dunn & Crutcher LLP

The Parties, recognizing the "impact" a "summary judgment motion[ ]" could have "on the scope of this litigation," stipulated to a summary-judgment briefing schedule on the First Amendment claim. Dkt. 44 at 4. Plaintiffs accordingly moved for summary judgment, explaining, first, that S.B. 253 and 261 are content-based regulations of political speech subject to strict scrutiny. Dkt. 48-1 at 7-8. Second, they explained that the laws failed strict (and other) scrutiny. *Id.* at 9-14. In particular, Plaintiffs emphasized that the State had failed to narrowly tailor either law to a compelling governmental interest, as required by Supreme Court precedent. *See id.* at 9-13. The State, for example, had asserted a need to protect "investors," but the laws, on their face, applied to companies *without* investors, and were triggered by *any* transaction in California, no matter how de minimis and regardless of any plausible connection to climate change. *Id.* at 11-12. For these and other reasons, Plaintiffs asked this Court to declare "that both S.B. 253 and 261 violate the First Amendment to the U.S. Constitution, and [to] enjoin Defendants from implementing, applying, or taking any action whatsoever to enforce the laws." *Id.* at 21.

The State, despite previously recognizing the benefits of summary judgment, Dkt. 44 at 4, and arguing that it prevails as a matter of law, Dkt. 52 at 2, has also asserted a mountain of factual controversies. In addition to submitting 6,072 pages of purported evidence, virtually none of which has anything to do with the legal arguments in the State's opposition brief, *see* Pls.' Reply in Support of Mot. for Summ. J. at 1, the State also filed a declaration under Rule 56(d) seeking to delay summary judgment pending discovery. Dkt. 57-2. The State's declaration contains seven sentences addressing the substantive requirements of Rule 56(d). *See id.* ¶¶ 2-5. Those sentences state *what* information "Defendants seek." *Id.* ¶ 2. But the declaration does not address *why* the information is relevant—particularly here, where the challenge presents only pure questions of law. And aside from one sentence—which states that "Defendants are unable to present these facts because discovery has not opened in this case, and this information is in the sole possession of the Plaintiffs, their declarants, and their members," *id.* ¶ 5—

the declaration does not explain why, if factual development is necessary at all, the State could not use its existing 6,072-page record to oppose Plaintiffs' motion. The declaration nowhere defends the State's assertion that the requested information is in Plaintiffs' "sole possession," *id.*; nor does it attempt to square that assertion with the State's 6,072-page factual filing, which utilizes plentiful sources of information, none of which is in Plaintiffs' "sole possession," to attempt to justify the State's opposition.

### III. LEGAL STANDARD

To put off summary judgment, the nonmoving party—here, the State—must "show[ ] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). "Compliance with [Rule 56(d)]," formerly numbered Rule 56(f), "requires more than a perfunctory assertion that the party cannot respond because it needs to conduct discovery." *Adams v. Allstate Ins. Co.*, 187 F. Supp. 2d 1207, 1213 (C.D. Cal. 2002). Rather, the Rule requires affidavits or declarations stating with "sufficient particularity why [the party] could not, *absent discovery*, present . . . facts essential to support [its] opposition." *Reshard v. Peters*, 579 F. Supp. 2d 57, 68 n.11 (D.D.C. 2008) (emphasis added), *aff'd*, 358 F. App'x 196 (D.C. Cr. 2009). In particular, the affidavits or declarations must set "forth with particularity: (1) why the party opposing summary judgment cannot respond; (2) the particular facts that the party reasonably expects to obtain in further discovery; and (3) how the information reasonably expected from its proposed discovery requests could be expected to create a genuine issue of material fact that would defeat the summary judgment motion." *Adams*, 187 F. Supp. 2d at 1213. "Failure to comply with the requirements of [Rule 56(d)] . . . is a proper ground for denying discovery and proceeding to summary judgment." *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986).

### IV. ARGUMENT

The State's perfunctory declaration, which addresses the requirements of Rule 56(d) in seven sentences, *see* Dkt. 57-2 ¶¶ 2-5, does not come close to "show[ing]" that the State "cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d).

The State has already assembled 6,072 pages of evidence, including multiple expert reports and 154 exhibits. *See* Dkts. 52, 53, 54, 55, 56. The additional discovery the State seeks is not "essential" to anything; it is downright abusive. Even the State's own declarant refuses to say why the information the "Defendants seek" (Dkt. 57-2 ¶ 3) is necessary to oppose summary judgment. That "Defendants seek" it is uncontested, *id.*— but *why* they do is left unanswered, because there is no answer. At least, no legitimate answer. *Cf. IMDb.com*, 257 F. Supp. 3d at 1103. The State's motion should be denied, and the Court should proceed to summary judgment.

## A. The State's Proposed Discovery Is Irrelevant Given the Nature of Plaintiffs' Constitutional Claims

As in *IMDb.com*, it is "difficult to understand how [the discovery requested by the State] would help the government defend the [challenged] statute[s]." 257 F. Supp. 3d at 1102. The State claims to need information concerning the "financial" burden of the laws, the "existence" of "controversial aspects of climate change," and the "prevalen[ce]" of covered companies that engage "in a single transaction within the State." Dkt. 57-1 at 2. But none of that has any "relevance to the constitutional question presented in this case." *IMDb.com*, 257 F. Supp. 3d at 1102-03.

### 1. The State's "Financial" Discovery Is Beside the Point

First, the State "seek[s] facts regarding the compliance costs of Senate Bills 253 and 261." Dkt. 57-2 ¶ 2. But as the State itself admits, the First Amendment inquiry focuses mainly on the "burden on *speech*," not "financ[es]." Dkt. 52 at 17. The State's discovery is beside the point. S.B. 253 and 261 undisputedly "compel[ ] speech," *Id.* at 14, and any "form of [speech] compulsion burdens protected speech," *Riley v. Nat'l Fed'n of the Blind of N.C., Inc.*, 487 U.S. 781, 782 (1988). No discovery is necessary to establish what speech "the statute itself" requires (Dkt. 57-1 at 7), or that the forced disclosure regime imposed by these laws constitutes a substantial burden on speech.

The financial burden of these laws, to be sure, *compounds* the constitutional injury. The "compelled subsidization" of speech "seriously impinges on First Amendment

rights." *Janus v. Am. Fed'n of State, Cnty., & Mun. Emps., Council 31*, 585 U.S. 878, 894 (2018). But, here, the State admits that that the laws will require "[t]he vast majority of companies" to spend "0.025 percent *of their annual revenue*," Dkt. 52-1 ¶ 170 (emphasis added)—hundreds of thousands of dollars, at least, Dkt. 48-9 at 8:14-18—on this compelled speech. The Governor himself has publicly acknowledged this "financial impact." Dkt. 48-1 at 1. That is financial burden aplenty—and no amount of discovery is necessary to reconfirm the State's admissions. In fact, with the existence of burden undisputed, the State makes no effort at all to explain why hammering out the precise burden—*i.e.*, whether it is even *higher* than what the State admits—is "essential" to anything about the First Amendment inquiry here. Cost may be "generically relevant," but the State does not, and cannot, show that the *specific* dollar amount "is 'essential.'" *Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

It is "difficult [even] to conceive of a reason, other than harassment, for seeking" the discovery sought here, *IMDb.com*, 257 F. Supp. 3d at 1102, including "*all documents* from Plaintiffs regarding estimated compliance costs" and "*all documents* regarding the overall budgets member companies have for public disclosure," Dkt. 57-1 at 5-6 (emphases added). None of that would plausibly "alter the Court's opinion" on Plaintiffs' First Amendment rights. *Cell-Crete Corp. v. Lexington Ins. Co.*, 2015 WL 12644565, at *1 (C.D. Cal. Feb. 5, 2015); *see also Cheyenne Arapaho Tribes of Oklahoma v. United States*, 558 F.3d 592, 596 (D.C. Cir. 2009) (affirming Rule 56(d) denial where party "failed to specify how the requested discovery would alter the court's determination").

**2.    The State's "Controversy" Discovery Is an Abuse of Power**

Second, the State "seek[s] facts showing what . . . evidence Plaintiffs are relying on to support their claims of controversy and scientific disagreement regarding climate change." Dkt. 57-2 ¶ 3. But this, too, is beside the point. The issue is not whether, as the State pretends, climate change "exist[s]." Dkt. 57-1 at 8. Everyone here agrees that it does, and that human activities contribute to it; as the complaint makes clear,

6

"Plaintiffs support policies that reduce greenhouse-gas emissions." Am. Compl. ¶ 2. The controversial issue the laws compel companies to speak on is "climate change's 'long-term' consequences . . . and corporations' responsibility to 'plan for and adapt to' it." Dkt. 48-1 at 8. There is no dispute that this is a controversial subject. The "Recommendations of the Task Force on Climate-related Financial Disclosures," incorporated by reference into S.B. 261, Cal. Health & Safety Code § 38533(b)(1)(A)(i), acknowledge that the "physical response of the climate," including the "future timing and magnitude of climate-related impacts," is "highly uncertain." Dkt. 48-23 at 26, 35. And the State itself concedes that the "policy responses to climate change are the subject of vigorous political debate." Dkt. 52 at 21. The Supreme Court agrees: "[C]limate change" is a "controversial subject[ ]" and a "sensitive political topic[ ]," which is "undoubtedly [a] matter[ ] of profound 'value and concern to the public.'" *Janus*, 585 U.S. at 913-14.

There can be no serious doubt, moreover, that the laws require companies to speak on this controversy. S.B. 261, for example, requires companies to disclose their "climate-related financial risk," which includes "transition risk[ ]" and its impact on "financial markets and economic health." Cal. Health & Safety Code § 38533(a)(2). In other words, the law requires a company to predict the actions government officials will take, around the world, to combat climate change (so-called "transition risk"), Dkt. 48-23 at 5, and to assess how those actions will affect the company through their impacts on "financial markets and economic health," Cal. Health & Safety Code § 38533(a)(2); *see also* MSJ Reply at 4-8.

The State cannot credibly argue that it is "essential," as Rule 56(d) requires, to issue "depositions and documentary subpoenas" to nonparty members of Plaintiffs to review their "internal" communications (Dkt. 57-1 at 10) to assess whether *this* is controversial. Again, the State admits it is—*i.e.*, that the "policy responses to climate change are the subject of vigorous political debate." Dkt. 52 at 21. The State's request to go rummaging through Plaintiffs' members' internal communications about a matter

of such "profound 'value and concern to the public,'" *Janus*, 585 U.S. at 913-14, is "an outright abuse of power," *IMDb.com*, 257 F. Supp. 3d at 1102-03 (recognizing the "unsettling irony of seeking" private communications about a matter of public concern "in a First Amendment case").

Similarly abusive is the State's contention that it must take deposition testimony of "what exactly" Plaintiffs' declarant member "finds controversial about Senate Bill 261's disclosure requirements and why." Dkt. 57-1 at 9. Again, none of that has any "relevance to the constitutional question presented in this case." *IMDb.com*, 257 F. Supp. 3d at 1102-03. Plaintiffs' members have a First Amendment right to "refrain from" joining the debate at all. *Wooley v. Maynard*, 430 U.S. 705, 714 (1977). And when they sue to vindicate that right, the State may not hale them for questioning on why, precisely, they have the temerity to call the State's action controversial.

### 3. The State's "Single Transaction" Discovery Is Predicated on a Misapprehension of Plaintiffs' Arguments

Finally, the State "seeks any facts supporting the existence and prevalence of out-of-state entities that are covered by Senate Bill 253 and 261, but only engage in a single transaction within California." Dkt. 57-2 ¶ 4. As with the other requests, this proposed discovery is abusive, irrelevant, and misapprehends Plaintiffs' arguments. Plaintiffs contend, first, that in "all [their] applications," S.B. 253 and 261 burden "protected First Amendment activity," *Sec'y of State of Md. v. Joseph H. Munson Co.*, 467 U.S. 947, 965 n.13 (1984), by compelling speech, *see Riley*, 487 U.S. at 782. And, second, the laws do "not employ means narrowly tailored to serve a compelling governmental interest." *Munson*, 467 U.S. at 965 n.13. For these reasons alone, the laws on their face "fall[ ] short of constitutional demands." *Id.*; *see* Dkt. 48-1 at 7-14. The laws also facially fail any less exacting test, too, as Plaintiffs have explained. *See* Dkt. 48-1 at 19-20.

Plaintiffs use the example of a firm that "engages in a single transaction within the State, wholly unconnected to climate-related risks," Dkt. 48-1 at 20—*e.g.*, selling a single pack of gum—simply to illustrate the State's complete failure to "narrowly

tailor[ ]" either law to any compelling governmental interest, *Munson*, 467 U.S. at 965 n.13. The "prevalence" (Dkt. 57-1 at 11) of such firms—whether it is 10, 20, 100, or even 1,000—is thus entirely beside the point. It is the "patent overinclusiveness" of S.B. 253 and 261, as illustrated by the single-transaction example (and others), that "undermines the likelihood" of any "genuine [governmental] interest" at all. *FCC v. League of Women Voters of Cal.*, 468 U.S. 364, 396 (1984) (brackets in original). That California would adopt laws with a "breadth . . .[that] extends so far beyond what is necessary to accomplish the [State's purported] goals," *id.* at 398, alone shows that the State's asserted interest is pretextual—and thus, unconstitutional. *Cf. Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 543 n.8 (2022) ("[g]overnment 'justification[s]' for interfering with First Amendment rights 'must be genuine'" (second brackets in original)).

### B.     The State Fails to Comply with the Requirements of Rule 56(d)

To "ensure that the nonmoving party is invoking the protections" of Rule 56(d) "in good faith," *Comm. for First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992), the Rule requires "affidavit[s]" or "declaration[s]," Fed. R. Civ. P. 56(d). "References in memoranda" do not suffice. *Brae Transp.*, 790 F.2d at 1443; *cf. Harrison v. Office of Architect of Capitol*, 281 F.R.D. 49, 52 (D.D.C. 2012) (the "affidavit or declaration itself must" satisfy Rule 56(d)). Yet, here, the State's declaration fails entirely to explain *why* the State "cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). This "alone serves as sufficient basis for the Court to deny" the State's request. *Suhovy v. Sara Lee Corp.*, 2014 WL 1400824, at *2 (E.D. Cal. Apr. 10, 2014) (citing, *inter alia*, *Brae Transp.*, 790 F.2d at 1443).

The State asserts simply that "discovery has not opened," and that the requested "information is in the sole possession of the Plaintiffs, their declarants, and their members." Dkt. 57-2 ¶ 5. But this "'bare assertion' that the evidence supporting" the State's position "is in the hands of [the Plaintiffs] is insufficient to justify a denial of a motion for summary judgment" in *any* case, *Contemporary Mission, Inc. v. U.S. Postal Serv.*, 648 F.2d 97, 107 (2d Cir. 1981), let alone a First Amendment case. The State must

justify regulations of speech *ex ante*, not "*post hoc* in response to litigation." *Kennedy*, 597 U.S. at 543 n.8. To burden "speech first and ask questions later" is not a legitimate way to address the freedom of speech. *IMDb.com*, 257 F. Supp. 3d at 1102.

And in fact, the State's claim that it is "unable to present evidence" because the "relevant facts are in the exclusive control of Plaintiffs," Dkt. 57-1 at 2, is belied by the fact that it has already submitted a "detailed . . . opposition," *Adams*, 187 F. Supp. 2d at 1213, along with 6,072 pages of evidence, including multiple expert reports and 154 exhibits, *see* Dkts. 52, 53, 54, 55, 56. Given that it clearly was able to gather substantial evidence without discovery, no "relax[ed] . . . degree of specificity" is warranted here, Dkt. 57-1 at 4; the State's conclusory declaration does not and cannot even attempt to "explain why [the State] could not" present any additional evidence it claims to need unless it is permitted to engage in discovery. *Ashley v. City of San Francisco*, 2013 WL 12172622, at *2 (N.D. Cal. Oct. 7, 2013); *see also, e.g.*, *Hernandez v. Ventura Cnty.*, 2014 WL 4829055, at *15 n.8 (C.D. Cal. Sept. 25, 2014) (declining to delay summary judgment where nonmovant failed to "present[ ] an 'affidavit or declaration' which provides specific reasons why [it] 'cannot present facts'"); *Reshard*, 579 F. Supp. 2d at 68 n.11 (denying Rule 56(d) request where party failed to "state with sufficient particularity why [it] could not, absent discovery, present . . . facts essential to support [its] opposition"). The State, which agreed to have Plaintiffs' First Amendment argument presented on summary judgment and to forgo a Rule 16 conference, Dkt. 44 at 4, cannot credibly claim that it suddenly realized it needed discovery after reading Plaintiffs' summary judgment papers; all three issues the State raises in its Rule 56(d) motion appeared in Plaintiffs' complaint, too. And, again, the State's bare assertion that information is in its opponents' "possession" does not adequately explain *why* it could not "utilize the substantial *existing*," 6,072-page record it already assembled to support its opposition. *Harris v. Am. Med. Int'l, Inc.*, 982 F.2d 528, at *3 (10th Cir. 1992) (unpublished table decision) (citing *Contemporary Mission*, 648 F.2d at 107); *see supra* p. 2-5. A Rule 56(d) continuance is not warranted where, as here, the party "could have" gotten

the information "at any time" through other sources. *Martinez v. Columbia Sportswear USA Corp.*, 553 Fed. App'x 760, 762 (9th Cir. 2014).

For example, the State asserts it needs "facts regarding the compliance costs of Senate Bills 253 and 261." Dkt. 57-2 ¶ 2. But those are not facts in the "sole possession" of Plaintiffs. In fact, the legislature has already investigated those costs, *see, e.g.*, Dkt. 48-9 at 8:9-18; the State has already submitted a nearly 30-page expert report on its views on how the laws could be implemented, *see* Dkt. 53; and the Governor himself has already publicly acknowledged the laws' unworkable "financial impact," Dkt. 48-1 at 1. The State's opposition papers, in fact, declare it "[u]ncontroverted" that the "vast majority of companies" will spend $250,000. Dkt. 52-1 ¶ 170 (citing Dkt. 48-9 at 8:14-18). The State's declaration does not even attempt to explain why it would be warranted—let alone "essential," Fed. R. Civ. P. 56(d)—to "serv[e] subpoenas on Plaintiffs' members to obtain *all documents* regarding compliance costs and disclosure budgets." Dkt. 57-1 at 6 (emphasis added). This vastly overbroad request is "harassment," *IMDb.com*, 257 F. Supp. 3d at 1102, not limited discovery essential to the State's opposition.

In short, because the State "has failed to specifically explain why [it] cannot adequately oppose the motion at this time," let alone to justify the expansive discovery it seeks, its "application for a continuance under Rule [56(d)] [should be] DENIED." *Mory v. City of Chula Vista*, 2008 WL 360449, at *13 (S.D. Cal. Feb. 11, 2008).

## V. CONCLUSION

Because the State "has identified no factual question that would meaningfully affect the analysis of the constitutionality of the statute on its face," "[t]he motion for discovery [should be] denied." *IMDb.com*, 257 F. Supp. 3d at 1103.

| | | |
|---|---|---|
| 1 | DATED: August 19, 2024 | Respectfully submitted, |
| 2 | | GIBSON, DUNN & CRUTCHER LLP |

By: */s/ Bradley J. Hamburger*
Eugene Scalia, SBN 151540
Bradley J. Hamburger, SBN 266916
Samuel Eckman, SBN 308923
Brian A. Richman (*pro hac vice*)
Elizabeth Strassner, SBN 342838

*Attorneys for Plaintiffs Chamber of Commerce of the United States of America, California Chamber of Commerce, American Farm Bureau Federation, Los Angeles County Business Federation, Central Valley Business Federation and Western Growers Association*

CHAMBER OF COMMERCE OF THE
UNITED STATES OF AMERICA

Daryl Joseffer (*pro hac vice*)
Tyler S. Badgley (*pro hac vice*)
Kevin Palmer (*pro hac vice*)

*Attorneys for Plaintiff Chamber of Commerce of the United States of America*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs Chamber of Commerce of the United States of America, California Chamber of Commerce, American Farm Bureau Federation, Los Angeles County Business Federation, Central Valley Business Federation and Western Growers Association, certifies that this brief contains 3,990 words, which complies with the word limit of L.R. 11-6.1.

DATED: August 19, 2024          Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Bradley J. Hamburger*
Eugene Scalia, SBN 151540
Bradley J. Hamburger, SBN 266916
Samuel Eckman, SBN 308923
Brian A. Richman (*pro hac vice*)
Elizabeth Strassner, SBN 342838

*Attorneys for Plaintiffs Chamber of Commerce of the United States of America, California Chamber of Commerce, American Farm Bureau Federation, Los Angeles County Business Federation, Central Valley Business Federation and Western Growers Association*

CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA

Daryl Joseffer (*pro hac vice*)
Tyler S. Badgley (*pro hac vice*)
Kevin Palmer (*pro hac vice*)

*Attorneys for Plaintiff Chamber of Commerce of the United States of America*