ROB BONTA
Attorney General of California
TRACY WINSOR (SBN 186164)
Senior Assistant Attorney General
MYUNG J. PARK (SBN 210866)
Supervising Deputy Attorney General
M. ELAINE MECKENSTOCK (SBN 268861)
CAITLAN MCLOON (SBN 302798)
EMILY HAJARIZADEH (SBN 325246)
DYLAN REDOR (SBN 338136)
KATHERINE GAUMOND (SBN 349453)
Deputy Attorneys General
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013-1230
  Telephone:  (213) 269-6438
  Fax:  (916) 731-2128
  E-mail:  Caitlan.McLoon@doj.ca.gov
*Attorneys for Defendants Liane M. Randolph, Steven S. Cliff, and Robert A. Bonta*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, CALIFORNIA CHAMBER OF COMMERCE, AMERICAN FARM BUREAU FEDERATION, LOS ANGELES COUNTY BUSINESS FEDERATION, CENTRAL VALLEY BUSINESS FEDERATION, and WESTERN GROWERS ASSOCIATION,<br><br>Plaintiffs,<br><br>v.<br><br>LIANE M. RANDOLPH, in her official capacity as Chair of the California Air Resources Board, STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board, and ROBERT A. BONTA, in his official capacity as Attorney General of California,<br><br>Defendants. | 2:24-cv-00801-ODW-PVC<br><br>**DEFENDANTS' SUR-REPLY TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date: September 9, 2024<br>Time: 1:30 PM<br>Courtroom: 5D<br>Judge: The Honorable Otis D. Wright, II<br>Trial Date: Not Set<br>Action Filed: 1/30/2024 |

Contrary to Plaintiffs' assertions, Dkt. 59 (MSJ Reply) at 1-5, 7, 9, the recent *NetChoice, LLC v. Bonta*, — F.4th —, 2024 WL 3838423 (9th Cir. Aug. 16, 2024) decision militates against the application of strict scrutiny here, and confirms that the determination of "commercial speech" is a fact-driven analysis not subject to bright-line rules.

  1. The Ninth Circuit in *NetChoice* affirmed a preliminary injunction of certain provisions of the California Age-Appropriate Design Code Act (CAADCA) that require "covered businesses [to] opine on and mitigate the risk that children may be exposed to harmful or potentially harmful" content online. *NetChoice*, 2024 WL 3838423, at *2. The Court applied strict scrutiny to these provisions specifically because they compelled businesses to opine on the speech of others and "to censor" speech based on those opinions. *Id.* at *12. Senate Bills 253 and 261 do nothing of the sort. They simply require covered businesses to provide (1) quantitative data on greenhouse gas emissions and (2) descriptive accounts of their governance practices, internal risk planning, and targets and goals pertaining to climate risk. Dkt. 52 (MSJ Opp.) at 10. They do not require any business to opine on, or restrict access to speech, much less to "serv[e] as censors for the State." *NetChoice*, 2024 WL 3838423, at *10. Indeed, these statutes do not even require a company to form opinions on its climate risk. MSJ Opp. at 10, 12-13; Dkt. 53 (Burton Declaration) at ¶ 38 ("Companies that do not evaluate climate-related risks could [comply with SB 261 by] mak[ing] disclosures that they do not have any climate-related governance, strategy, risk management, or metrics and targets …."). Notably, *NetChoice* itself distinguishes the provisions of the CAADCA that censor content from other types of compelled risk disclosures, asserting that "[t]he problem" with the CAADCA provisions is "that the risk that businesses must measure and disclose" involve opinions about "disfavored speech." *NetChoice*, 2024 WL 3838423, at *12 (distinguishing that "[a] report

requirement that compels businesses to measure and disclose … certain types of risks potentially created by their services might not create a problem").

      2. Further, *NetChoice* rejects Plaintiffs' bright-line test for commercial speech and, in fact, confirms that speech can be commercial when it does not propose a specific commercial transaction. The Court reiterates that "the commercial speech analysis is fact-driven, due to the inherent difficult of drawing bright lines that will clearly cabin commercial speech in a distinct category." *Id.* (cleaned up). And the Court demonstrates this flexibility by directing the district court to apply *Zauderer* scrutiny to requirements in the CAADCA concerning disclosures of privacy policies and community standards to users of internet platforms—speech that is neither attached to an advertisement nor proposes a particular commercial transaction. *Id.* at *15. Put simply, *NetChoice* confirms both that Plaintiffs' conception of commercial speech is far too narrow, and that *Zauderer* is the appropriate lens through which to review compelled corporate disclosures regarding facts about their own commercial practices.

Dated: September 3, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
MYUNG J. PARK
Supervising Deputy Attorney General
M. ELAINE MECKENSTOCK
EMILY HAJARIZADEH
DYLAN REDOR
KATHERINE GAUMOND
Deputy Attorneys General

*/s/ Caitlan McLoon*

CAITLAN MCLOON
Deputy Attorney General
*Attorneys for Defendants Liane M. Randolph, Steven S. Cliff, and Robert A. Bonta*

3

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants Liane M. Randolph, Steven S. Cliff, and Robert A. Bonta, certifies that this brief contains 493 words, which complies with the Court's order of August 30, 2024 (Dkt. 63).

Dated: September 3, 2024

Respectfully submitted,

Rob Bonta
Attorney General of California
Myung J. Park
Supervising Deputy Attorney General

/s/ Caitlan McLoon

CAITLAN MCLOON
Deputy Attorney General
*Attorneys for Defendants Liane M. Randolph, Steven S. Cliff, and Robert A. Bonta*

SA2024300503
67057548.docx

# CERTIFICATE OF SERVICE

Case Name: **Chamber of Commerce of the United States of America, et al. v. Liane M. Randolph, et al.**

Case No.: **2:24-cv-00801-ODW-PVC**

I hereby certify that on September 3, 2024, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' SUR-REPLY TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on September 3, 2024, at Los Angeles, California.

| Beatriz Davalos | /s/ Beatriz Davalos |
|---|---|
| Declarant | Signature |