EUGENE SCALIA, SBN 151540
　　escalia@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036-4504
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Plaintiffs Chamber of Commerce of the United States of America, California Chamber of Commerce, American Farm Bureau Federation, Los Angeles County Business Federation, Central Valley Business Federation, and Western Growers Association*

(*Additional counsel listed on next page*)

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA,

WESTERN DIVISION

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, CALIFORNIA CHAMBER OF COMMERCE, AMERICAN FARM BUREAU FEDERATION, LOS ANGELES COUNTY BUSINESS FEDERATION, CENTRAL VALLEY BUSINESS FEDERATION, and WESTERN GROWERS ASSOCIATION,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>LIANE M. RANDOLPH, in her official capacity as Chair of the California Air Resources Board, STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board, and ROBERT A. BONTA, in his official capacity as Attorney General of California.<br><br>　　　　　　Defendants. | CASE NO. 2:24-cv-00801-ODW-PVC<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING** *X CORP. v. BONTA*<br><br><u>**HEARING:**</u><br><br>Date:　　　Oct. 15, 2024<br>Time:　　　1:30 PM<br>Location:　Courtroom 5D<br>Judge:　　　Otis D. Wright II |

1  BRADLEY J. HAMBURGER,
     SBN 266916
2    bhamburger@gibsondunn.com
   SAMUEL ECKMAN, SBN 308923
3    seckman@gibsondunn.com
   ELIZABETH STRASSNER,
4    SBN 342838
5    estrassner@gibsondunn.com
   GIBSON, DUNN & CRUTCHER LLP
6  333 South Grand Ave.
7  Los Angeles, CA  90071-3197
   Telephone:  213.229.7000
8  Facsimile:   213.229.7520

9  BRIAN A. RICHMAN
   (*pro hac vice*)
10    DC Bar No. 230071
      brichman@gibsondunn.com
11 GIBSON, DUNN & CRUTCHER LLP
12 2001 Ross Ave., Suite 2100
   Dallas, TX  75201-2923
13 Telephone:  214.698.3100
   Facsimile:   214.571.2900
14
   *Attorneys for Plaintiffs Chamber of Commerce of the United States of America,*
15 *California Chamber of Commerce, American Farm Bureau Federation, Los Angeles*
   *County Business Federation, Central Valley Business Federation, and*
16 *Western Growers Association*

17 DARYL JOSEFFER
   (*pro hac vice*)
18    DC Bar No. 457185
      djoseffer@uschamber.com
19 TYLER S. BADGLEY
   (*pro hac vice*)
20    DC Bar No. 1047899
      tbadgley@uschamber.com
21 KEVIN PALMER
   (*pro hac vice*)
22    DC Bar No. 90014967
      kpalmer@uschamber.com
23 CHAMBER OF COMMERCE OF THE
   UNITED STATES OF AMERICA
24 1615 H Street, NW
   Washington, D.C.  20062-2000
25 Telephone:  202.659.6000
   Facsimile:   202.463.5302
26
27 *Attorneys for Plaintiff Chamber of Commerce of the United States of America*

28

The Ninth Circuit's decision in *X Corp. v. Bonta*, — F.4th —, 2024 WL 4033063 (9th Cir. 2024), represents another application of First Amendment principles to strike down an unlawful attempt by California to compel speech to target actors and activities it disfavors. *X Corp.* confirms that summary judgment is warranted on Plaintiffs' First Amendment claim and that the State's "commercial speech" defense of S.B. 253 and 261 is without merit.

***Facial challenge***. *X Corp.* shows why Plaintiffs' facial challenge to S.B. 253 and 261 is appropriate. In *X Corp.*, the challenged law required social-media companies to submit "Content Category Reports" detailing their terms of service and content-moderation practices. 2024 WL 4033063, at *2, 5. The Ninth Circuit held that a facial challenge was appropriate because "all aspects of the Content Category Report, in every application to a covered social media company, raise the same First Amendment issues," as "every" report "must detail" the same types of "policies and actions." *Id.* at *6. The same reasoning applies here, as S.B. 253 and 261 require "every covered" company to speak to the same "state-specified categories of content." *Id.*

***Commercial speech.*** *X Corp.* also confirms that strict scrutiny applies because S.B. 253 and 261 do not compel commercial speech. As here, the State in *X Corp.* sought to avoid strict scrutiny by invoking the lower standard from *Zauderer v. Office of Disciplinary Counsel*, 471 U.S. 626 (1985). But *Zauderer* was inapplicable in *X Corp.* for the same reason it is inapplicable here: the compelled speech is not commercial. As the Ninth Circuit explained, "the usual[] defin[ition] of commercial speech" is "speech that does no more than propose a commercial transaction." *X Corp.*, 2024 WL 4033063, at *8. And the "recognized exceptions to that general rule" are "limited" and, as in *X Corp.*, none apply here. *Id.*

In *X Corp.*, the State sought to compel companies to "reveal [their] policy opinion about contentious issues, such as what constitutes hate speech … and whether to moderate such expression." 2024 WL 4033063, at *6. Here, too, the State seeks to compel companies to speak on "intensely debated and politically fraught topics," *id.* at

*8, such as what "the physical response of the climate" will be "to higher levels of [greenhouse-gas] emissions," Dkt. 48-23 at 26, whether, how, and when policymakers will "attempt to constrain actions that contribute to the adverse effects of climate change," *id.* at 5, and "the proper calculation of a company's [greenhouse-gas] emissions," Dkt. 48-1 at 4. Like the speech in *X Corp.*, none of this "propose[s] a commercial transaction" or bears other "indicia of commercial speech." 2024 WL 4033063, at *7. "The compelled disclosures are not advertisements." *Id.* at *8. They do not "merely disclose existing commercial speech, so … [covered companies have] no economic motivation in their content." *Id.* And the speech does not "communicat[e] the terms of an actual or potential transaction." *Id.* Instead, it "go[es] further," requiring companies to express "view[s] *about*" climate change, "whether a company believes" governments will, or companies should, take action to mitigate its effects, *id.*, and the emissions of suppliers and customers who "the reporting entity does not directly control," Dkt. 48-16 at 4.

That the State calls S.B. 253 and 261 "transparency" measures, Dkt. 52 at 1, 3, 11, 16, is as immaterial here as in *X Corp.* "Even a pure 'transparency' measure, if it compels non-commercial speech, is subject to strict scrutiny." 2024 WL 4033063, at *8. That remains true, even *if* the compelled speech "could conceivably 'play a role in [a] [potential consumer's] decision'" or is reflected in a "company's … policy." *Id.* at *8 & n.10 (second brackets in original); *see also id.* at *8 n.9. As *X Corp.* put it, "[p]rotection under the First Amendment cannot be vitiated so easily," especially on matters so "political in nature." *Id.* at *8. Strict scrutiny applies. *See id.* at *9–10.

**Strict scrutiny.** As in *X Corp.*, S.B. 253 and 261 fail strict scrutiny because they are "more extensive than necessary to serve the State's purported goal." 2024 WL 4033063, at *9. Just as there "[c]onsumers would still [have been] meaningfully informed if … a company disclosed whether it was moderating certain categories of speech," *id.*, so too here interested parties would be meaningfully informed if the State

provided relevant information itself or simply applied existing anti-fraud laws, *see* Dkt. 59 at 9. The State does not explain why these alternatives would not work.

Like the law in *X Corp.*, S.B. 253 and 261 are unconstitutional compulsions of non-commercial speech and should be enjoined. *See* 2024 WL 4033063, at *11. *X Corp.*, to be sure, concerned a media platform, but that distinction is immaterial because the general tests outlined by the Ninth Circuit are what compel judgment for Plaintiffs here.

DATED: September 20, 2024       Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Bradley J. Hamburger*
Eugene Scalia, SBN 151540
Bradley J. Hamburger, SBN 266916
Samuel Eckman, SBN 308923
Brian A. Richman (*pro hac vice*)
Elizabeth Strassner, SBN 342838

*Attorneys for Plaintiffs Chamber of Commerce of the United States of America, California Chamber of Commerce, American Farm Bureau Federation, Los Angeles County Business Federation, Central Valley Business Federation and Western Growers Association*

CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA

Daryl Joseffer (*pro hac vice*)
Tyler S. Badgley (*pro hac vice*)
Kevin Palmer (*pro hac vice*)

*Attorneys for Plaintiff Chamber of Commerce of the United States of America*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs Chamber of Commerce of the United States of America, California Chamber of Commerce, American Farm Bureau Federation, Los Angeles County Business Federation, Central Valley Business Federation and Western Growers Association, certifies that this brief contains 798 words, which complies with the Court's order of September 16, 2024 (Dkt. 68).

DATED: September 20, 2024          Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Bradley J. Hamburger*
Eugene Scalia, SBN 151540
Bradley J. Hamburger, SBN 266916
Samuel Eckman, SBN 308923
Brian A. Richman (*pro hac vice*)
Elizabeth Strassner, SBN 342838

*Attorneys for Plaintiffs Chamber of Commerce of the United States of America, California Chamber of Commerce, American Farm Bureau Federation, Los Angeles County Business Federation, Central Valley Business Federation and Western Growers Association*

CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA

Daryl Joseffer (*pro hac vice*)
Tyler S. Badgley (*pro hac vice*)
Kevin Palmer (*pro hac vice*)

*Attorneys for Plaintiff Chamber of Commerce of the United States of America*