ROB BONTA
Attorney General of California
TRACY WINSOR (SBN 186164)
Senior Assistant Attorney General
MYUNG J. PARK (SBN 210866)
Supervising Deputy Attorney General
M. ELAINE MECKENSTOCK (SBN 268861)
CAITLAN MCLOON (SBN 302798)
EMILY HAJARIZADEH (SBN 325246)
DYLAN REDOR (SBN 338136)
KATHERINE GAUMOND (SBN 349453)
Deputy Attorneys General
 300 South Spring Street, Suite 1702
 Los Angeles, CA 90013-1230
 Telephone: (213) 269-6438
 Fax: (916) 731-2128
 E-mail: Caitlan.McLoon@doj.ca.gov
*Attorneys for Defendants Liane M. Randolph, Steven S. Cliff, and Robert A. Bonta*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, CALIFORNIA CHAMBER OF COMMERCE, AMERICAN FARM BUREAU FEDERATION, LOS ANGELES COUNTY BUSINESS FEDERATION, CENTRAL VALLEY BUSINESS FEDERATION, and WESTERN GROWERS ASSOCIATION,**<br><br>Plaintiffs,<br><br>v.<br><br>**LIANE M. RANDOLPH, in her official capacity as Chair of the California Air Resources Board, STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board, and ROBERT A. BONTA, in his official capacity as Attorney General of California,**<br><br>Defendants. | 2:24-cv-00801-ODW-PVC<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEF RE:** *X CORP.* **SUBMITTED IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date: October 15, 2024<br>Time: 1:30 PM<br>Courtroom: 5D<br>Judge: The Honorable Otis D. Wright, II<br>Trial Date: Not Set<br>Action Filed: 1/30/2024 |

1

In *X Corp. v. Bonta*, — F.4th —, 2024 WL 4033063 (9th Cir. Sept. 4, 2024), the Ninth Circuit applied strict scrutiny to statutory provisions "compel[ling] social media companies to report whether and how they believe particular, controversial categories of content should be defined and regulated on their platforms," *id.* at *9, because these provisions required companies to share their "policy views on intensely debated and politically fraught topics." *Id*. at *8 (noting that a platform's position on whether "a post citing rhetoric from on-campus protests [] constitutes hate speech" necessarily involves statements of belief on controversial policy issues). The Court recognized, however, that other corporate disclosures, without this feature, *could* constitute commercial speech. *Id.* SB 253 and 261's disclosures fall on the commercial speech side of *X Corp.*'s line.

The Court began by eschewing "bright line[]" rules for what constitutes "commercial speech," *id.* at *7, including Plaintiffs' "commercial transaction" test, *see, e.g.*, Dkt. 66 at 1:4-5. It instead employed a "common-sense" and "fact-driven" analysis, *X Corp.*, 2024 WL 4033063, at *7, focused on "the *nature* of the speech," *id.* at *8, n.9, ultimately concluding that a company's "policy opinion about contentious issues," *id.* at *6, is not commercial speech. It distinguished these provisions from others requiring companies "to disclose 'how they moderate and promote content'" and "provide 'high-level statistics' about their moderation efforts." *Id.* at *9 (distinguishing *NetChoice, LLC v. Paxton*, 49 F.4th 439, 446 (5th Cir. 2022), and *NetChoice, LLC v. Att'y Gen., Fla.*, 34 F.4th 1196, 1206-07 (11th Cir. 2022)). Accordingly, the Court declined to extend its conclusions to other provisions of the statute at issue there—including those requiring companies to disclose how they respond to user reports of violations of terms of service. *Id.* at *5, 7, 10.

Neither SB 253 nor 261 require companies to express their policy views on any topic, much less one that is politically fraught. *See* Dkt. 53-20 at 1199-1201,

Dkt. 53-21 at 1251-1255, and Dkt. 53-22 at 1262-1383 (example disclosures). Far from requiring companies to state whether and how certain categories of controversial content "should be defined and proscribed," *X Corp.*, 2024 WL 4033063, at *8, SB 253 and 261 require companies to follow *already-established and widely-accepted* protocols and definitions to disclose factual information regarding corporate operations. Plaintiffs note that SB 261 requires companies to discuss government policies like "carbon-pricing." Dkt. 59 at 7:8-13. But companies do not have to opine on whether or how "carbon-pricing mechanisms" should be implemented or whether such policies are effective; rather, they need only disclose whether they anticipate "[i]ncreased operating costs" as a result of "[i]ncreased pricing of GHG emissions." Dkt. 48-23 at 10. Similarly, the emissions data required under SB 253 does not require a company to opine on whether those emissions contribute to climate change, which in any event, Plaintiffs concede is uncontroversial. Dkt. 59 at 6:24-25.

In fact, the disclosures required under SB 253 and SB 261 closely resemble speech that falls into a "long … tradition" of reduced constitutional concern: corporate risk disclosure. *X Corp.*, 2024 WL 4033063, at *7; *see* Dkt. 52 at 20:13-21:3. Many covered companies have long been subject to SEC rules requiring the disclosure of factors that may "make an investment in the registrant or offering speculative or risky," 17 C.F.R. § 229.105(a), including environmental-related risks, 36 Fed. Reg. 13989 (July 29, 1971), 75 Fed. Reg. 6290 (Feb. 8, 2010). Moreover, the information disclosed pertains to the commercial operations of the company, not the "sensitive, constitutionally protected speech" that motivated the decision in *X Corp.* 2024 WL 4033063, at *8. As such, the required disclosures are much closer to those about "moderation policies" that the Ninth Circuit distinguished. *Id.* at *9. And the disclosures have a commercial purpose that goes far beyond a "potential consumer's decision of whether to use [a product]." *Id.* at

3

*8, n.10 (alterations adopted).  The disclosures provide "information needed by investors, lenders, and insurance underwriters to appropriately assess and price climate-related risks," Dkt. 48-23 at iii, and allow businesses to better "manag[e] GHG risks and identify[] reduction opportunities," Dkt. 53-2 at 37, a goal Plaintiffs' members concede they value, Dkt. 59 at 6:26.

Finally, "a facial challenge [was] permissible" in *X Corp.* because "every covered social media company" had to "reveal its policy opinion about contentious issues," thereby implicating heightened First Amendment concerns "in every application" of the law.  2024 WL 4033063, at *6.  Such is not the case here, where thousands of companies voluntarily disclose the information at issue, and no one demonstrates a burden on speech.  Plaintiffs' facial challenge fails.  But if this Court concludes that any sub-provision or application of SB 253 or 261 is unlawful, further briefing would be warranted on whether the provision or application at issue is severable from the remainder.  *See id.* at *10.

Dated:  September 20, 2024

Respectfully submitted,
ROB BONTA
Attorney General of California
MYUNG J. PARK
Supervising Deputy Attorney General
M. ELAINE MECKENSTOCK
EMILY HAJARIZADEH
DYLAN REDOR
KATHERINE GAUMOND
Deputy Attorneys General

*/s/ Caitlan McLoon*

CAITLAN MCLOON
Deputy Attorney General
*Attorneys for Defendants Liane M. Randolph, Steven S. Cliff, and Robert A. Bonta*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants Liane M. Randolph, Steven S. Cliff, and Robert A. Bonta, certifies that this brief contains 799 words, which complies with the Court's order of September 16, 2024 (Dkt. 68).

Dated:  September 20, 2024                    Respectfully submitted,

                                                                                                                                                      ROB BONTA
                                                   Attorney General of California
                                                   MYUNG J. PARK
                                                   Supervising Deputy Attorney General

                                                 */s/ Caitlan McLoon*

                                                 CAITLAN MCLOON
                                               Deputy Attorney General
                                               *Attorneys for Defendants Liane M. Randolph, Steven S. Cliff, and Robert A. Bonta*

SA2024300503
67102371.docx

# CERTIFICATE OF SERVICE

Case Name: **Chamber of Commerce of the United States of America, et al. v. Liane M. Randolph, et al.**

Case No.: **2:24-cv-00801-ODW-PVC**

I hereby certify that on September 20, 2024, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' SUPPLEMENTAL BRIEF RE: *X CORP.* SUBMITTED IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on September 20, 2024, at Los Angeles, California.

| Caitlan McLoon | /s/ Caitlan McLoon |
|---|---|
| Declarant | Signature |

SA2024300503
66591334.docx