*Counsel Listed on Following Page*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, CALIFORNIA CHAMBER OF COMMERCE, AMERICAN FARM BUREAU FEDERATION, LOS ANGELES COUNTY BUSINESS FEDERATION, CENTRAL VALLEY BUSINESS FEDERATION, and WESTERN GROWERS ASSOCIATION,<br><br>            Plaintiffs,<br><br>    v.<br><br>LIANE M. RANDOLPH, in her official capacity as Chair of the California Air Resources Board, STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board, and ROBERT A. BONTA, in his official capacity as Attorney General of California,<br><br>            Defendants. | Case No. 2:24-cv-00801-ODW-PVC<br><br>**RULE 26(f) REPORT AND DISCOVERY PLAN**<br><br>Hon. Otis D. Wright II |

Eugene Scalia (SBN 151540)
　escalia@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1700 M. St. N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
Fax: (202)467-0539

Bradley J. Hamburger (SBN 266916)
　bhamburger@gibsondunn.com
Samuel Eckman (SBN 308923)
　seckman@gibsondunn.com
Elizabeth Strassner (SBN 342838)
　estrassner@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Ave.
Los Angeles, CA 90071
Telephone: (213) 229-7000
Fax: (213) 229-7520

Brian A. Richman (*pro hac vice*)
　brichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Ave., Suite 2100
Dallas, TX 75201
Telephone: (214) 698-3100
Fax: (214) 571-2900

Robert E. Dunn (SBN 275600)
Collin J. Vierra (SBN 322720)
　rdunn@eimerstahl.com
　cvierra@eimerstahl.com
EIMER STAHL LLP
1999 South Bascom Ave., Ste. 1025
Campbell, CA 95008
Telephone: (408) 889-1690
Fax: (312) 692-1718

*Attorneys for Plaintiffs Chamber of Commerce of the United States of America, California Chamber of Commerce, American Farm Bureau Federation, Los Angeles County Business Federation, Central Valley Business Federation, and Western Growers Association*

ROB BONTA
Attorney General of California
TRACY WINSOR (SBN 186164)
DENNIS L. BECK, JR. (SBN 179492)
Senior Attorney Assistant Attorneys General
MYUNG J. PARK (SBN 210866)
LAURA ZUCKERMAN (SBN 161896)
Supervising Deputy Attorneys General
CAITLAN MCLOON (SBN 302798)
M. ELAINE MECKENSTOCK (SBN 268861)
EMILY HAJARIZADEH (SBN 325246)
DYLAN REDOR (SBN 338136)
KATHERINE GAUMOND (SBN 349453)
DAVID ZAFT (SBN 237365)
Deputy Attorneys General
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Telephone: (213) 269-6438
Fax: (916) 731-2128
E-mails: Caitlan.McLoon@doj.ca.gov, David.Zaft@doj.ca.gov

*Attorneys for Defendants Liane M. Randolph, Steven S. Cliff, and Robert A. Bonta*

Case No. 2:24-cv-00801-ODW-PVC
RULE 26(F) REPORT AND DISCOVERY PLAN

# RULE 26(f) REPORT AND DISCOVERY PLAN

Pursuant to Federal Rule of Civil Procedure (FRCP) 26(f), on March 11, 2025, the following parties to this action met and conferred on the topics outlined in this report and discovery plan:

Bradley J. Hamburger, Gibson Dunn & Crutcher LLP, Robert E. Dunn, Eimer Stahl LLP, Stephanie Maloney and Kevin Palmer, the Chamber of Commerce of the United States of America, counsel for Plaintiffs; Caitlan McLoon and David Zaft, Deputy Attorneys General, counsel for Defendants.

The parties' views and proposals on the items required by FRCP 26(f) are as follows:

1.  <u>Initial Disclosures.</u> The parties agree to exchange the initial disclosures required under FRCP 26(a)(1) no later than April 1, 2025.

2.  <u>Anticipated Discovery.</u> The parties jointly propose to the Court discovery on the following topics:

Among other things, Defendants plan to conduct discovery on: (a) the nature and extent of harms to covered entities (including Plaintiffs' members)—including speech-related harms and the administrative and financial burdens—allegedly caused by complying with the challenged statutes; (b) the extent to which covered entities (including Plaintiffs' members) already engage in the types of monitoring, planning, and reporting that are the subjects of the challenged statutes; (c) claims made by covered entities (including Plaintiffs' members) relating to the subjects of the challenged statutes; (d) the extent to which the challenged statutes regulate

companies (including Plaintiffs' members) that do not make potentially misleading environmental claims; and (e) the number of companies (including Plaintiffs' members) that satisfy the revenue thresholds and engage in single or *de minimis* transactions in California. See ECF No. 73 at 11–12 (identifying issues for which "the Court needs a record" and which "directly impact[] whether SB 253 and 261 are appropriately tailored").

Among other things, Plaintiffs plan to conduct discovery on whether Defendants' asserted interests in preventing climate-related fraud and providing information to citizens are compelling or substantial.

3. <u>Discovery Limits.</u> Instead of the 25 interrogatories per party (under FRCP 33), the parties agree that each side may serve up to 45 interrogatories to be answered jointly by the other side (such interrogatories may require the responding side to provide party-specific information in its responses), and that each side may serve up to 12 additional interrogatories on each opposing party to be answered individually by the served party.

4. <u>Discovery Schedule.</u> The parties jointly propose that fact discovery shall close on February 6, 2026; expert reports shall be due on January 23, 2026; expert rebuttal reports shall be due on February 27, 2026; and expert discovery shall close on March 21, 2026.

5. <u>Treatment of Electronically Stored Information.</u> The parties have discussed the existence of electronically stored information (ESI) and are working to finalize an agreed-upon ESI protocol.

6. <u>Privilege Claims.</u> The parties recognize that in the course of litigation they may disclose content that is privileged or otherwise protected from disclosure, such as attorney work product. To minimize the risk of waiving applicable privileges and protections and to establish a party's obligations upon the receipt of another party's privileged or protected content, the parties are discussing a Protective Order that addresses privilege and protection issues, which will be submitted to the Court for approval.

The parties acknowledge that they must identify on a privilege log any documents they withhold from production based on a privilege or work product protection.

7. <u>Other issues and need for case management conference.</u> The parties agree that there is no need for a case management conference, and there are no other issues affecting the status or management of the case.

8. <u>Proposals regarding severance, bifurcation, or other ordering of proof.</u> The parties agree that the case should not be severed or bifurcated.

The parties' views and proposals on the additional items required by the Court's Order of January 28, 2025 (ECF No. 76 at 2–3), are as follows:

9. <u>Listing and proposed schedule of written discovery, depositions, and proposed discovery cut-off date.</u> See *supra* paragraph 4.

10. <u>Listing and proposed schedule of law and motion matters, and proposed dispositive motion cut-off date.</u> The parties agree that motions for summary judgment shall be filed no later than April 17, 2026, opposition briefs shall

be filed no later than May 29, 2026, and reply briefs shall be filed no later than June 19, 2026, with a hearing on any motions for summary judgment scheduled for July 13, 2026.

11. <u>Settlement efforts and procedure.</u> Under Local Rule 16-15.4, the parties agree to follow ADR Procedure No. 1 and appear before the district judge or magistrate judge for such settlement proceedings as the judge may conduct or direct. The parties do not believe that settlement negotiations are likely to be productive.

12. <u>Estimated length of trial and proposed dates for pretrial conference and trial.</u> The parties recommend that the Court refrain from scheduling a trial date until it has resolved any summary judgment motions. The parties agree that this case is likely amenable to resolution at summary judgment. If the Court believes it is necessary to put a trial date on the calendar, the parties estimate that trial will last between 5 and 10 court days and suggest November 10, 2026, to November 20, 2026, with the final pretrial conference on November 2, 2026.

13. <u>Other parties likely to be added.</u> Neither party intends to amend the pleadings to add new parties.

14. <u>Trial by jury or to the Court.</u> The parties agree that the case will be tried to the Court.

15. <u>Short synopsis of principal issues.</u> Plaintiffs (Chamber Of Commerce Of The United States Of America, California Chamber Of Commerce, American Farm Bureau Federation, Los Angeles County Business Federation, Central Valley Business Federation, And Western Growers Association) ask the Court to enjoin

Defendants (Liane M. Randolph, in her official capacity as Chair of the California Air Resources Board, Steven S. Cliff, in his official capacity as the Executive Officer of the California Air Resources Board, and Robert A. Bonta, in his official capacity as Attorney General of California) from enforcing Senate Bills (SBs) 253 and 261.

SB 253 requires the California Air Resources Board (CARB) to develop regulations that require certain businesses to annually disclose their direct and indirect upstream and downstream greenhouse gas emissions. Cal. Health & Safety Code § 38532(c)(1). SB 261 will require certain businesses to disclose climate-related financial risk information. Plaintiffs allege that both statutes facially violate the First Amendment because they compel speech. Plaintiffs ask the Court to declare that statutes unconstitutional and permanently enjoin Defendants from enforcing them.

Defendants dispute Plaintiffs' claims. Defendants contend that SB 253 and SB 261 require the disclosure of uncontroversial, factual commercial information regarding the covered entities' business operations that historically has merited minimal, if any, First Amendment review, and that the statutes further compelling government interests. Defendants believe that the statutes survive any level of First Amendment review, and also survive Plaintiffs' other constitutional claims.

Plaintiffs alleged that the statutes violate the First Amendment, the Supremacy Clause, and the Dormant Commerce Clause. The Court dismissed Plaintiffs' Supremacy Clause and Dormant Commerce Clause claims. First, the Court held that Plaintiffs did not have standing to bring their Supremacy Clause and Dormant

Commerce Clause challenges to SB 253 and that those challenges were not ripe. ECF No. 77 at 10–13. The Court further held that Plaintiffs' challenges to SB 261 failed to state a claim under either the Supremacy Clause or the Dormant Commerce Clause. Id. at 13–23. Plaintiffs' First Amendment claim remains pending, as does their accompanying claim for attorneys' fees and costs under 42 U.S.C. § 1988.

The remaining issues in the case include: (1) whether the statutes are properly subject to Plaintiffs' facial challenge, (2) what level of scrutiny applies to Plaintiffs' First Amendment challenge, (3) whether each of the statutes survives review under the applicable level of scrutiny, and (4) whether Plaintiffs' claims are ripe.

16. <u>Amendment of pleadings.</u> Plaintiffs reserve the right to amend their pleadings after CARB issues regulations governing the disclosures required by SB 253. (CARB must issue the regulations by July 1, 2025.) S.B. 219 § 1 (2024).

17. <u>Issues that may be determined by motion.</u> The parties agree that, after discovery, this case can likely be resolved at summary judgment without the need for trial.

Dated: April 1, 2025

Respectfully submitted,

EIMER STAHL LLP

By: <u>/s/ Robert E. Dunn</u>
Robert E. Dunn (SBN 275600)
Collin J. Vierra (SBN 322720)

GIBSON, DUNN & CRUTCHER LLP

By: <u>/s/ Bradley J. Hamburger</u>

Eugene Scalia (SBN 151540)
Bradley J. Hamburger (SBN 266916)
Samuel Eckman (SBN 308923)
Brian A. Richman (*pro hac vice*)
Elizabeth Strassner (SBN 342838)

*Attorneys for Plaintiffs Chamber of Commerce of the United States of America, California Chamber of Commerce, American Farm Bureau Federation, Los Angeles County Business Federation, Central Valley Business Federation and Western Growers Association*

ROB BONTA
Attorney General of California

By: */s/ Caitlan McLoon*
Caitlan McLoon (SBN 302798)

*Attorney for Defendants Liane M. Randolph, Steven S. Cliff, and Robert A. Bonta*