EUGENE SCALIA, SBN 151540
  escalia@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1700 M. St. N.W.
Washington, D.C.  20036
Telephone:  202.955.8500
Facsimile:   202.467.0539

*Attorneys for Plaintiffs Chamber of
Commerce of the United States of Amer-
ica, California Chamber of Commerce,
American Farm Bureau Federation, Los
Angeles County Business Federation,
Central Valley Business Federation,
and Western Growers Association*

(*Additional counsel listed on next page*)

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA,

## WESTERN DIVISION

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, CALIFORNIA CHAMBER OF COMMERCE, AMERICAN FARM BUREAU FEDERATION, LOS ANGELES COUNTY BUSINESS FEDERATION, CENTRAL VALLEY BUSINESS FEDERATION, and WESTERN GROWERS ASSOCIATION, <br><br> Plaintiffs, <br><br> v. <br><br> LIANE M. RANDOLPH, in her official capacity as Chair of the California Air Resources Board, STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board, and ROBERT A. BONTA, in his official capacity as Attorney General of California. <br><br> Defendants. | CASE NO. 2:24-cv-00801-ODW-PVC <br><br> **PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION** <br><br> <u>**HEARING:**</u> <br> Date:       May 27, 2025 <br> Time:       11:00 AM <br> Location:   Courtroom 5D <br> Judge:      Otis D. Wright II |

1   BRADLEY J. HAMBURGER
2       SBN 266916
        bhamburger@gibsondunn.com
3   SAMUEL ECKMAN, SBN 308923
        seckman@gibsondunn.com
4   ELIZABETH STRASSNER
5       SBN 342838
        estrassner@gibsondunn.com
6   GIBSON, DUNN & CRUTCHER LLP
    333 South Grand Ave.
7   Los Angeles, CA 90071-3197
    Telephone: 213.229.7000
8   Facsimile:  213.229.7520

9   BRIAN A. RICHMAN
    (*pro hac vice*)
10      DC Bar No. 230071
        brichman@gibsondunn.com
11  GIBSON, DUNN & CRUTCHER LLP
12  2001 Ross Ave., Suite 2100
    Dallas, TX 75201-2923
13  Telephone: 214.698.3100
    Facsimile:  214.571.2900
14

15  *Attorneys for Plaintiffs Chamber of Commerce of the United States of America, California Chamber of Commerce, American Farm Bureau Federation, Los Angeles County Business Federation, Central Valley Business Federation, and Western Growers Association*

17  STEPHANIE A. MALONEY
18  (*pro hac vice*)
        DC Bar No. 104427
19      smaloney@uschamber.com
20  KEVIN PALMER
    (*pro hac vice*)
21      DC Bar No. 90014967
        kpalmer@uschamber.com
22  CHAMBER OF COMMERCE OF THE
23  UNITED STATES OF AMERICA
    1615 H Street, NW
24  Washington, D.C. 20062-2000
    Telephone: 202.659.6000
25  Facsimile:  202.463.5302

26  *Attorneys for Plaintiff Chamber of Commerce of the United States of America*
27
28

Gibson, Dunn &
Crutcher LLP

1    Plaintiffs respectfully respond to Defendants' Objections to Plaintiffs' Evidence

2    Submitted in Support of their Motion for Preliminary Injunction (Dkt. 89-1).

3    As an initial matter, given the nature of the proceedings, Defendants' objections

4    are wholly unwarranted.  As this Court has held, "courts may consider evidence in ruling

5    on an application for preliminary injunction that may otherwise be inadmissible."  *C.R.*

6    *v. PLB Mgmt., LLC*, 2023 WL 1420371, at *2 n.3 (C.D. Cal. Jan. 31, 2023) (Wright, J.)

7    (citing *Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009)).  "Accordingly, evi-

8    dentiary objections to evidence submitted in connection with a motion for a preliminary

9    injunction 'properly go to weight, rather than admissibility.'"  *Hope Med. Enters., Inc.*

10   *v. Fagron Compounding Servs., LLC*, 2020 WL 3803029, at *5 (C.D. Cal. July 7, 2020);

11   *cf. Perrin Bernard Supowitz, LLC v. Morales*, 2023 WL 1415572, at *4 (C.D. Cal. Jan.

12   31, 2023) (Wright, J.) ("Defendants' objections regarding lack of foundation, lack of

13   personal knowledge, and speculation may go to the weight of a given piece of evidence,

14   but none of these objections provide a basis for altogether disregarding the proffered

15   evidence at the summary judgment stage.").  Thus, as this Court and others have done

16   on numerous occasions while considering motions for preliminary injunction, the Court

17   should overrule Defendants' objections en masse.  *See, e.g.*, *PLB Mgmt.*, 2023 WL

18   1420371, at *2 n.3 (Wright, J.); *Small ex rel. NLRB v. Avanti Health Sys., LLC*, 2011 WL

19   13209169, at *1 n.1 (C.D. Cal. Mar. 28, 2011) (Wright, J.); *Vital Pharms. v. PhD Mktg.,*

20   *Inc.*, 2021 WL 6881866, at *3 (C.D. Cal. Mar. 12, 2021); *Contender Partners, LLC v.*

21   *Azteca Int'l Corp.*, 2008 WL 11334492, at *4 n.41 (C.D. Cal. May 19, 2008); *James v.*

22   *City of Costa Mesa*, 2010 WL 1848157, at *2 (C.D. Cal. Apr. 30, 2010).

23   The objections are meritless anyway, and for the most part, irrelevant.  Only 7 of

24   the 39 paragraphs or exhibits objected to are specifically cited in Plaintiffs' motion for

25   preliminary injunction, and only 9 are discussed in Defendants' opposition.

26

27

28

# I. DECLARATION OF EDWARD J. SHOEN (ECF NO. 78-3)

| | Statement Objected To | Basis of Objection | Response to Objection | Ruling |
|---|---|---|---|---|
| 1. | "UHHC does not do business in California." Shoen Decl., ¶ 3. | This is a legal conclusion. The assertion regarding what companies do business in California and/or are subject to Senate Bill ("S.B.") 253 and S.B. 261 is a disputed legal conclusion about how the laws operate, which has no evidentiary value and is irrelevant. Fed R. Evid. 401, 402; *see Silver v. Exec. Car Leasing Long Term Disability Plan*, 466 F.3d 727, 731 n.2 (9th Cir. 2006) (holding district court correctly excluded declaration containing improper legal argument). | This is not a legal conclusion; it is a statement of fact. Shoen is the President and Chairman of U-Haul Holding Company. He can testify, from personal knowledge, to where UHHC does or does not do business.<br><br>Even if this statement were inadmissible at trial under the Federal Rules of Evidence, "the Federal Rules of Evidence do not strictly apply in the preliminary injunction context." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1189 (9th Cir. 2024). | Sustained<br><br>_____<br><br>Overruled<br><br>_____ |
| 2. | "UHHC's subsidiary, U- Haul of California ('UHCA'), does business in California." Shoen Decl., ¶ 4. | This is a legal conclusion. The assertion regarding what companies do business in California and/or are subject to S.B. 253 and S.B. 261 is a disputed legal conclusion about how the laws operate, which has no evidentiary value and is irrelevant. Fed R. Evid. 401, 402; *See Silver* 466 F.3d at 731 n.2. | This is not a legal conclusion; it is a statement of fact. Shoen is the President and Chairman of U-Haul Holding Company. He can testify, from personal knowledge, to where UHCA does or does not do business.<br><br>Even if this statement were inadmissible at trial under the Federal Rules of Evidence, "the Federal Rules of Evidence do not strictly apply in the preliminary injunction context." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th | Sustained<br><br>_____<br><br>Overruled<br><br>_____ |

Gibson, Dunn & Crutcher LLP

| | Statement Objected To | Basis of Objection | Response to Objection | Ruling |
|---|---|---|---|---|
| | | | 1180, 1189 (9th Cir. 2024). | |
| 3. | "If UHCA's activities in California are attributable to UHHC such that UHHC 'does business' in California as a 'Reporting Entity' under S.B. 253 and 'Covered Entity' under S.B. 261, then UHHC would be subject to the requirements of S.B. 253 and 261." Shoen Decl., ¶ 5. | This is a legal conclusion. The assertion regarding what companies do business in California and/or are subject to S.B. 253 and S.B. 261 is a disputed legal conclusion about how the laws operate, which has no evidentiary value and is irrelevant. Fed R. Evid. 401, 402; *See Silver* 466 F.3d at 731 n.2. | This is not a legal conclusion. The statement reflects the witness's understanding and, moreover, follows directly from the plain text of the statutes. In addition, there is no "disputed legal conclusion"; if a company does business in California and exceeds the relevant revenue threshold, then the company undisputedly *is* subject to the laws.<br><br>Even if this statement were inadmissible at trial under the Federal Rules of Evidence, "the Federal Rules of Evidence do not strictly apply in the preliminary injunction context." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1189 (9th Cir. 2024). | Sustained<br><br>———<br><br>Overruled<br><br>——— |
| 4. | "Building the apparatus necessary to comply with the requirements of S.B. 253 and S.B. 261 will take years, not months." Shoen Decl., ¶ 10. | Lacks foundation or personal knowledge, and is speculative. Fed. R. Evid. 602, 701. Mr. Shoen offers no evidence or basis for this assertion. | Shoen is the President and Chairman of U-Haul Holding Company. He can testify, from personal knowledge, to the complexity of the compliance process for UHHC.<br><br>Even if this statement were inadmissible at trial under the Federal Rules of Evidence, "the Federal Rules of Evidence do not strictly apply in the preliminary injunction | Sustained<br><br>———<br><br>Overruled<br><br>——— |

Gibson, Dunn & Crutcher LLP

3

| | Statement Objected To | Basis of Objection | Response to Objection | Ruling |
|---|---|---|---|---|
| | | | context." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1189 (9th Cir. 2024). | |
| 5. | "With respect to IT alone, U-Haul preliminarily estimates that this would require approximately 30 additional dedicated team members to build and then support these processes on an ongoing basis at an estimated cost exceeding $3,000,000 per year, which would rise as personnel costs increase over time." Shoen Decl., ¶ 12. | Lacks foundation or personal knowledge, and is speculative. Fed. R. Evid. 602, 701. Mr. Shoen provides no evidence, basis for this estimate. To the extent the estimate was not made by Mr. Shoen personally (which is not clear), it also is hearsay. Fed. R. Evid. 802. | Shoen is the President and Chairman of U-Haul Holding Company. He can testify, from personal knowledge, to UHHC's personnel and cost estimates for compliance.  Even if this statement were hearsay, a district court may "consider hearsay in deciding whether to issue a preliminary injunction." *Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009). | Sustained _____ Overruled _____ |
| 6. | "Where the required data is unavailable from U-Haul's operations or its utility providers, U-Haul will be forced to engage in high-priced guesswork | Lacks foundation or personal knowledge, and is speculative. Fed. R. Evid. 602, 701. Mr. Shoen offers no explanation, foundation, or support for his statement that estimating emissions where data is unavailable from U-Haul's operations or its utility providers would be "high- | Shoen is the President and Chairman of U-Haul Holding Company. He can testify, from personal knowledge, to UHHC's compliance process.  Moreover, Shoen does offer support and explanation for why data would be unavailable, Shoen Decl. ¶¶ 8–12, 15–29, | Sustained _____ Overruled _____ |

Gibson, Dunn & Crutcher LLP

PLAINTIFFS' RESPONSE TO EVIDENTIARY OBJECTIONS
CASE NO. 2:24-CV-00801-ODW-PVC

| | Statement Objected To | Basis of Objection | Response to Objection | Ruling |
|---|---|---|---|---|
| | (assumptions and prognostications multiplied by industry-wide average emissions factors or average emission factors for energy generation) to generate inherently inaccurate data." Shoen Decl., ¶ 16. | priced" or "guess-work." Nor does he offer any foundation, explanation, or support for why such estimations would be "inherently inaccurate." | why it would be expensive to comply, *id.* ¶¶ 10–12, 16–24, and why reporting would result in guesswork and inaccuracy, *id.* ¶¶ 16, 42–44.<br><br>Even if this statement were inadmissible at trial under the Federal Rules of Evidence, "the Federal Rules of Evidence do not strictly apply in the preliminary injunction context." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1189 (9th Cir. 2024). | |
| 7. | "U-Haul will have to begin building the systems and contracts to comply with this new regime immediately and at great cost and commitment of personnel hours." Shoen Decl., ¶ 23. | Lacks foundation or personal knowledge, and is speculative. Fed. R. Evid. 602, 701. Mr. Shoen does not provide any explanation, foundation, or support for his assertion that U-Haul will have to begin building "the systems and contracts to comply with this new regime immediately and at great cost and commitment of personnel hours." | Shoen is the President and Chairman of U-Haul Holding Company. He can testify, from personal knowledge, to UHHC's compliance process.<br><br>Even if this statement were inadmissible at trial under the Federal Rules of Evidence, "the Federal Rules of Evidence do not strictly apply in the preliminary injunction context." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1189 (9th Cir. 2024). | Sustained<br><br>_____<br><br>Overruled<br><br>_____ |
| 8. | "Under S.B. 253, U-Haul would likely be responsible for reporting | Lacks foundation or personal knowledge, and is speculative. Fed. R. Evid. 402, 602, 701. S.B. 253 | Shoen's statement is based on the plain text of S.B. 253 and 261. S.B. 253 requires reporting entities to report "Scope 3 emissions," which include | Sustained<br><br>_____ |

| Statement Objected To | Basis of Objection | Response to Objection | Ruling |
|---|---|---|---|
| emissions and climate risks from all U- Haul Dealers. This is a practical impossibility." Shoen Decl., ¶ 26. | does not require covered entities to disclose their climate risk.  To the extent Mr. Shoen is referring to the requirements under S.B. 261, that law requires covered entities to report their own climate risk; not the climate risk of "all U- Haul Dealers." To the extent Mr. Shoen's statement is purporting that U-Haul will have to collect data from "all U-Haul Dealers" to comply with the requirements of S.B. 253 and 261, he offers no explanation, support, or foundation for the claim that doing so would be a "practical impossibility." | "sources that the reporting entity does not own or directly control," including "purchased goods and services" and "processing and use of sold products." § 38532(b)(5).  S.B. 261 requires covered entities to report "climate-related financial risk" due to "physical and transition risk" including "corporate operations, provision of goods and services," and "supply chains." § 38533(a)(2).<br><br>Shoen offers a detailed explanation, support, and foundation for his statement that collecting data from dealers would be a practical impossibility. *See* Shoen Decl., ¶¶ 24–29.  This is a statement based on Shoen's personal knowledge.<br><br>Even if this statement were inadmissible at trial under the Federal Rules of Evidence, "the Federal Rules of Evidence do not strictly apply in the preliminary injunction context." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1189 (9th Cir. 2024). | Overruled<br><br>_____ |
| 9. | "[M]any of these small businesses, which include things like individually owned | Lacks foundation or personal knowledge, and is speculative. Fed. R. Evid. 602, 701. Mr. Shoen does not provide any evidence | Shoen is the President and Chairman of U-Haul Holding Company.  He can testify, from personal knowledge, to the | Sustained<br><br>_____ |

| | Statement Objected To | Basis of Objection | Response to Objection | Ruling |
|---|---|---|---|---|
| | convenience stores, are simply unable to collect this data." Shoen Decl., ¶ 27. | or basis for this assertion. | complexity of the compliance process.<br><br>Even if this statement were inadmissible at trial under the Federal Rules of Evidence, "the Federal Rules of Evidence do not strictly apply in the preliminary injunction context." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1189 (9th Cir. 2024). | Overruled<br><br>_____ |
| 10. | "[I]f U-Haul included a requirement to collect this data in its contracts, it would risk losing a very substantial portion of its Dealer network." Shoen Decl., ¶ 27. | Lacks foundation or personal knowledge, and is speculative. Fed. R. Evid. 602, 701. Mr. Shoen does not provide any evidence or basis for this claim. | Shoen is the President and Chairman of U-Haul Holding Company. He can testify, from personal knowledge, to UHHC's compliance process and relationships with dealers.<br><br>Moreover, Shoen's Declaration provides the basis for his claim by describing how cumbersome and inconvenient data gathering and reporting would be for the many small individual dealers with which U-Haul operates. *See* Shoen Decl. ¶¶ 24–29.<br><br>Even if this statement were inadmissible at trial under the Federal Rules of Evidence, "the Federal Rules of Evidence do not strictly apply in the preliminary injunction context." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th | Sustained<br><br>_____<br><br>Overruled<br><br>_____ |

Gibson, Dunn & Crutcher LLP

| | Statement Objected To | Basis of Objection | Response to Objection | Ruling |
|---|---|---|---|---|
| | | | 1180, 1189 (9th Cir. 2024). | |
| 11. | "Many, likely most, of these small businesses cannot collect, or it is financially infeasible for them to collect, the data required by the law." Shoen Decl., ¶ 27. | Lacks foundation or personal knowledge, and is speculative. Fed. R. Evid. 602, 701. Mr. Shoen does not explain or provide any foundation for this assertion. | Shoen is the President and Chairman of U-Haul Holding Company. He can testify, from personal knowledge, to UHHC's dealers.<br><br>Moreover, Shoen does explain why he believes that the small businesses that make up U-Haul's dealer network would be unable to collect the data. Shoen Decl., ¶¶ 24–29.<br><br>Even if this statement were inadmissible at trial under the Federal Rules of Evidence, "the Federal Rules of Evidence do not strictly apply in the preliminary injunction context." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1189 (9th Cir. 2024). | Sustained<br><br>_____<br><br>Overruled<br><br>_____ |
| 12. | "It is impractical if not impossible for a sole proprietor of such a business to separate out the U-Haul component of the business from the non-U-Haul components of the | Lacks foundation or personal knowledge, and is speculative. Fed. R. Evid. 602, 701. Mr. Shoen provides no basis or evidence for this claim. He also does not provide any explanation or basis for his assumption that this is required by S.B. 253 or S.B. 261. | Shoen is the President and Chairman of U-Haul Holding Company. He can testify, from personal knowledge, to UHHC's compliance process.<br><br>Even if this statement were inadmissible at trial under the Federal Rules of Evidence, "the Federal Rules of Evidence do not strictly apply in the preliminary injunction | Sustained<br><br>_____<br><br>Overruled<br><br>_____ |

PLAINTIFFS' RESPONSE TO EVIDENTIARY OBJECTIONS
CASE NO. 2:24-CV-00801-ODW-PVC

Gibson, Dunn & Crutcher LLP

| | Statement Objected To | Basis of Objection | Response to Objection | Ruling |
|---|---|---|---|---|
| | business." Shoen Decl., ¶ 28. | | context." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1189 (9th Cir. 2024). | |
| 13. | "The business owner likely has no way of tracking climate impacts from the U-Haul rental side of the business as opposed to the emissions from selling gasoline or keeping the lights on in the store[.]" Shoen Decl., ¶ 28. | Lacks foundation or personal knowledge, and is speculative. Fed. R. Evid. 602, 701. Mr. Shoen provides no basis or evidence for this claim. He also does not provide any explanation or basis for his assumption this is required by S.B. 253. | Shoen is the President and Chairman of U-Haul Holding Company. He can testify, from personal knowledge, to UHHC's compliance process.<br><br>Even if this statement were inadmissible at trial under the Federal Rules of Evidence, "the Federal Rules of Evidence do not strictly apply in the preliminary injunction context." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1189 (9th Cir. 2024). | Sustained<br><br>_____<br><br>Overruled<br><br>_____ |
| 14. | "The costs to calculate and provide the required data would likely have a negative impact on the business's bottom line and the small business owner's livelihood." Shoen Decl., ¶ 28. | Lacks foundation or personal knowledge, and is speculative. Fed. R. Evid. 602, 701. Mr. Shoen provides no basis or evidence for this claim. | Shoen is the President and Chairman of U-Haul Holding Company. He can testify, from personal knowledge, to UHHC's compliance process.<br><br>Even if this statement were inadmissible at trial under the Federal Rules of Evidence, "the Federal Rules of Evidence do not strictly apply in the preliminary injunction context." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th | Sustained<br><br>_____<br><br>Overruled<br><br>_____ |

| | Statement Objected To | Basis of Objection | Response to Objection | Ruling |
|---|---|---|---|---|
| | | | 1180, 1189 (9th Cir. 2024). | |
| 15. | "U-Haul anticipates massive damage to its Dealer network from S.B. 253." Shoen Decl., ¶ 29. | Vague, ambiguous, lacks foundation or personal knowledge, and is speculative. Fed. R. Evid. 602, 701. | Shoen is the President and Chairman of U-Haul Holding Company. He can testify, from personal knowledge, to UHHC's dealer network and compliance process.<br><br>The statement is also not vague or ambiguous because Shoen's Declaration explains why U-Haul anticipates this damage to its dealer network. *See* Shoen Decl., ¶¶ 25-29.<br><br>Even if this statement were inadmissible at trial under the Federal Rules of Evidence, "the Federal Rules of Evidence do not strictly apply in the preliminary injunction context." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1189 (9th Cir. 2024). | Sustained<br><br>_____<br><br>Overruled<br><br>_____ |
| 16. | Entirety of Mr. Shoen's discussion of "Scope 4" emissions in Paragraphs 30- 33. | Irrelevant. Fed. R. Evid. 402. Neither S.B. 253 nor S.B. 261 prohibits covered entities from disclosing any so-called "Scope 4 emissions" should they wish. Lacks foundation or personal knowledge, and is speculative. Fed. R. Evid. 602, 701. Mr. Shoen does not provide any foundation or | The State's attempt to force companies to adopt the State's contested, misleading calculation of emissions is relevant to the claims in this action. S.B. 253 requires covered entities to report a specific calculation of greenhouse gases that does not include Scope 4 emissions. As a result, covered entities like UHHC who believe that an emissions figure | Sustained<br><br>_____<br><br>Overruled<br><br>_____ |

Gibson, Dunn & Crutcher LLP

|  | Statement Objected To | Basis of Objection | Response to Objection | Ruling |
|---|---|---|---|---|
|  |  | evidence for his claims that the products and services provided by U-Haul "avoid" greenhouse gas emissions. Mr. Shoen does not explain how any of these purported avoidances in emissions were calculated or what expertise he has, if any, to opine on avoided emissions of U-Haul. | without Scope 4 is inaccurate will be forced to report what they believe to be inaccurate, misleading information. Shoen Decl., ¶¶ 30–33.<br><br>Even if this statement were inadmissible at trial under the Federal Rules of Evidence, "the Federal Rules of Evidence do not strictly apply in the preliminary injunction context." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1189 (9th Cir. 2024). |  |
| 17. | "S.B. 261's requirements would force U-Haul to expend considerable time and resources." Shoen Decl., ¶ 37. | Lacks lack foundation or personal knowledge, and is speculative. Fed. R. Evid. 602, 701. Mr. Shoen provides no basis or foundation for this assertion. | Shoen is the President and Chairman of U-Haul Holding Company. He can testify, from personal knowledge, to UHHC's compliance process.<br><br>Even if this statement were inadmissible at trial under the Federal Rules of Evidence, "the Federal Rules of Evidence do not strictly apply in the preliminary injunction context." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1189 (9th Cir. 2024). | Sustained<br><br>_____<br><br>Overruled<br><br>_____ |
| 18. | "U-Haul will have to begin building the systems and contracts to | Lacks foundation or personal knowledge, and is speculative. Fed. R. Evid. 602, 701. Mr. Shoen provides no | Shoen is the President and Chairman of U-Haul Holding Company. He can testify, from personal | Sustained<br><br>_____ |

Gibson, Dunn & Crutcher LLP

| | Statement Objected To | Basis of Objection | Response to Objection | Ruling |
|---|---|---|---|---|
| | comply with S.B. 261 immediately and at great cost and commitment of personnel hours." Shoen Decl., ¶ 38. | basis or foundation for this assertion. | knowledge, to UHHC's compliance process.<br><br>Even if this statement were inadmissible at trial under the Federal Rules of Evidence, "the Federal Rules of Evidence do not strictly apply in the preliminary injunction context." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1189 (9th Cir. 2024). | Overruled<br><br>_____ |
| 19. | "Complying with these new laws would require U-Haul to make disclosures that, while based on a good faith effort and great expense, will be based on high-priced guesswork (assumptions and prognostications multiplied by industry-wide average emissions factors or average emission factors for energy generation) which ultimately yield inaccurate data | Lacks foundation or personal knowledge, and is speculative. Fed. R. Evid. 602, 701. Mr. Shoen does not provide any foundation or basis for his assertions that the disclosures required by S.B. 253 or S.B. 261 will produce data or results that are inaccurate; that disclosures will "require updates," or that the disclosures will "undoubtedly lead to litigation." | Shoen is the President and Chairman of U-Haul Holding Company. He can testify, from personal knowledge, to UHHC's compliance process.<br><br>Even if this statement were inadmissible at trial under the Federal Rules of Evidence, "the Federal Rules of Evidence do not strictly apply in the preliminary injunction context." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1189 (9th Cir. 2024). | Sustained<br><br>_____<br><br>Overruled<br><br>_____ |

Gibson, Dunn & Crutcher LLP

| | Statement Objected To | Basis of Objection | Response to Objection | Ruling |
|---|---|---|---|---|
| | compared to reality." Shoen Decl., ¶ 42. | | | |
| 20. | "These inaccuracies and updates will undoubtedly lead to litigation." Shoen Decl. ¶ 42. | Lacks foundation or personal knowledge, and is speculative. Fed. R. Evid. 602, 701. Mr. Shoen does not provide any foundation or basis for this assertion. | Shoen is the President and Chairman of U-Haul Holding Company. He can testify, from personal knowledge, to UHHC's reporting process and concerns about litigation.<br><br>Even if this statement were inadmissible at trial under the Federal Rules of Evidence, "the Federal Rules of Evidence do not strictly apply in the preliminary injunction context." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1189 (9th Cir. 2024). | Sustained<br><br>_____<br><br>Overruled<br><br>_____ |
| 21. | "Furthermore, complying with these laws may confuse investors or securities regulators regarding whether S.B. 253 and S.B. 261 disclosures are 'material' to an investor in UHHC's equity and debt securities." Shoen Decl., ¶ 43. | Lacks foundation or personal knowledge, and is speculative. Fed. R. Evid. 602, 701. Mr. Shoen does not provide any foundation or evidence for this claim. | Shoen is the President and Chairman of U-Haul Holding Company. He can testify, from personal knowledge, to UHHC's compliance process and potential confusion resulting therefrom.<br><br>Even if this statement were inadmissible at trial under the Federal Rules of Evidence, "the Federal Rules of Evidence do not strictly apply in the preliminary injunction context." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th | Sustained<br><br>_____<br><br>Overruled<br><br>_____ |

PLAINTIFFS' RESPONSE TO EVIDENTIARY OBJECTIONS
CASE NO. 2:24-CV-00801-ODW-PVC

| | Statement Objected To | Basis of Objection | Response to Objection | Ruling |
|---|---|---|---|---|
| | | | 1180, 1189 (9th Cir. 2024). | |
| 22. | "I believe the disclosure required by S.B. 253 and S.B. 261 will be inaccurate and not material to investors." Shoen Decl., ¶ 43. | Lacks foundation or personal knowledge, and is speculative. Fed. R. Evid. 602, 701. Irrelevant. Fed. R. Evid. 402. Mr. Shoen's personal opinion regarding whether the disclosures may confuse investors is not relevant. | Shoen is the President and Chairman of U-Haul Holding Company. He can testify, from personal knowledge, to his opinions about the required disclosures.<br><br>Even if this statement were inadmissible at trial under the Federal Rules of Evidence, "the Federal Rules of Evidence do not strictly apply in the preliminary injunction context." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1189 (9th Cir. 2024). | Sustained<br><br>_____<br><br>Overruled<br><br>_____ |
| 23. | "UHHC should not be forced to create market confusion by compelling it to disclose information under S.B. 253 and S.B. 261 that it does not believe to be material to investors" Shoen Decl., ¶ 43. | Lack foundation or personal knowledge, and is speculative. Fed. R. Evid. 602, 701. Mr. Shoen does not provide any foundation or evidence for the claim that the disclosures would "create market confusion" or that the disclosures would not be material to investors. | Shoen is the President and Chairman of U-Haul Holding Company. He can testify, from personal knowledge, to UHHC's speech preferences and beliefs about the required disclosures.<br><br>Even if this statement were inadmissible at trial under the Federal Rules of Evidence, "the Federal Rules of Evidence do not strictly apply in the preliminary injunction context." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th | Sustained<br><br>_____<br><br>Overruled<br><br>_____ |

PLAINTIFFS' RESPONSE TO EVIDENTIARY OBJECTIONS
CASE NO. 2:24-CV-00801-ODW-PVC

Gibson, Dunn & Crutcher LLP

| | Statement Objected To | Basis of Objection | Response to Objection | Ruling |
|---|---|---|---|---|
| | | | 1180, 1189 (9th Cir. 2024). | |
| 24. | "To make matters worse, this unconstitutionally compelled speech will result in high-priced guesswork and speculation that will yield inaccurate climate-related financial risk or emissions information." Shoen Decl., ¶ 44. | Lacks foundation or personal knowledge, and is speculative. Fed. R. Evid. 602, 701. Mr. Shoen does not provide any foundation or basis for his claims that the disclosures "will result in high-priced guesswork" or that they "will yield inaccurate" information. | Shoen is the President and Chairman of U-Haul Holding Company. He can testify, from personal knowledge, to the cost and complexity of UHHC's compliance process, as well as its belief that the disclosures will be inaccurate.<br><br>Shoen explains in his declaration why he believes the required reporting must result in guesswork and inaccurate information. *See, e.g.,* Shoen Decl. ¶¶ 16, 42–44.<br><br>Even if this statement were inadmissible at trial under the Federal Rules of Evidence, "the Federal Rules of Evidence do not strictly apply in the preliminary injunction context." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1189 (9th Cir. 2024). | Sustained<br><br>_____<br><br>Overruled<br><br>_____ |
| 25. | "This inaccurate information will undoubtedly lead to litigation." Shoen Decl., ¶ 44. | Lacks foundation or personal knowledge, and is speculative. Fed. R. Evid. 602, 701. Mr. Shoen does not provide any foundation or basis for this assertion. | Shoen is the President and Chairman of U-Haul Holding Company. He can testify, from personal knowledge, to his beliefs about the risk of litigation.<br><br>Even if this statement were inadmissible at trial under the Federal Rules of | Sustained<br><br>_____<br><br>Overruled |

Gibson, Dunn & Crutcher LLP

| Statement Objected To | Basis of Objection | Response to Objection | Ruling |
|---|---|---|---|
| | | Evidence, "the Federal Rules of Evidence do not strictly apply in the preliminary injunction context." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1189 (9th Cir. 2024). | _____ |

## II.   DECLARATION OF THOMAS QUAADMAN (ECF NO. 78-4)

| | Statement Objected To | Basis of Objection | Response to Objection | Ruling |
|---|---|---|---|---|
| 1. | "Unless S.B. 253 and 261 are enjoined, a number of the Chamber's members … will be forced to incur significant costs in the next several months and overcome substantial implementation challenges." Quaadman Decl., ¶ 7. | Speculative, and lacks foundation or personal knowledge. Fed. R. Evid. 602, 701. Mr. Quaadman does not specify whether any of the Chamber's direct members will need to take any of these actions or adopt any of these processes. And even if they do, Mr. Quaadman does not specify or explain how he has personal knowledge of the actions they would need to take or processes they would need to adopt; how much taking those actions or adopting those processes would cost; or when those companies would need to begin doing so. | Thomas Quaadman is the Senior Vice President for Economic Policy at the Chamber of Commerce of the United States of America. He can testify from personal knowledge to whether a number of the Chamber's members are subject to S.B. 253 and S.B. 261.<br><br>Quaadman's statement is also based on the plain text of S.B. 253 and S.B. 261, each of which by their terms require covered entities to make complex reports about their companies. Quaadman Decl., ¶¶ 5–8. For example, S.B. 253 and S.B. 261 each require disclosures beginning in 2026. *Id.* ¶ 6.<br><br>Quaadman mentions UHHC as one specific member that will be forced to incur costs. | Sustained<br><br>_____<br><br>Overruled<br><br>_____ |

PLAINTIFFS' RESPONSE TO EVIDENTIARY OBJECTIONS
CASE NO. 2:24-CV-00801-ODW-PVC

| | Statement Objected To | Basis of Objection | Response to Objection | Ruling |
|---|---|---|---|---|
| | | | Quaadman Decl., ¶ 7. This is confirmed by the Shoen Declaration, ¶¶ 3, 44.<br><br>Even if this statement were inadmissible at trial under the Federal Rules of Evidence, "the Federal Rules of Evidence do not strictly apply in the preliminary injunction context." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1189 (9th Cir. 2024). | |
| 2. | "I understand that to make the disclosures required in 2026, companies must begin tracking and recording a vast amount of climate-related information now." Quaadman Decl., ¶ 8. | Speculative, and lacks foundation or personal knowledge. Fed. R. Evid. 602, 701. | Quaadman's statement is based on the plain text of S.B. 253 and S.B. 261, each of which by their terms require covered entities to make complex reports about their companies.<br><br>The California Air Resources Board issued a December 5, 2024 Enforcement Notice reaffirming that S.B. 253 reports would be due beginning in 2026 and must "cover scope 1 and scope 2 emissions during the reporting entity's prior fiscal year." Dkt. 78-6 at 5.<br><br>Even if this statement were inadmissible at trial under the Federal Rules of Evidence, "the Federal Rules of Evidence do not strictly apply in the preliminary injunction context." *Flathead-Lolo-* | Sustained<br><br>_____<br><br>Overruled<br><br>_____ |

PLAINTIFFS' RESPONSE TO EVIDENTIARY OBJECTIONS
CASE NO. 2:24-CV-00801-ODW-PVC

Gibson, Dunn & Crutcher LLP

| Statement Objected To | Basis of Objection | Response to Objection | Ruling |
|---|---|---|---|
| | | *Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1189 (9th Cir. 2024). | |

## III.   DECLARATION OF BRADLEY HAMBURGER (ECF NOS. 78-5, 78-7, & 78-8)

| | Statement Objected To | Basis of Objection | Response to Objection | Ruling |
|---|---|---|---|---|
| 1. | Hamburger Decl., Ex. B [January 14, 2025 *Law360* Article by Loyti Cheng & David Zilberberg, entitled "Climate Disclosure Spotlight Shifts to 2 Calif. Laws"] | The entire exhibit and every statement therein is hearsay. Fed. R. Evid. 802. | The article is cited for the notion that "[c]ommentators . . . are recommending that companies 'begin to put the right measures in place to comply now.'" Dkt. 78-1 at 6. The exhibit is not cited for the truth of that statement but rather for the fact that industry experts view immediate compliance as mandatory. This is not hearsay under Federal Rule of Evidence 801(c)(1).<br><br>Even if this statement were hearsay, a district court may "consider hearsay in deciding whether to issue a preliminary injunction." *Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009). | Sustained<br><br>———<br><br>Overruled<br><br>——— |
| 2. | "As a practical matter, under this definition, companies with minimal California connections, such as | Lacks foundation or personal knowledge, and is speculative. Fed. R. Evid. 602, 701. CARB has not yet issued the regulations that will define | Defendants' objection that "CARB has not yet issued the regulations that will define 'doing business in California'" rests on a contested premise—that CARB is empowered, authorized, or instructed to define | Sustained<br><br>——— |

| | Statement Objected To | Basis of Objection | Response to Objection | Ruling |
|---|---|---|---|---|
| | having one employee, could be considered in scope." Hamburger Decl., Ex. B. | "doing business in California." | "doing business in California."<br><br>Even if this exhibit were inadmissible at trial under the Federal Rules of Evidence, "the Federal Rules of Evidence do not strictly apply in the preliminary injunction context." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1189 (9th Cir. 2024). | Overruled<br><br>———— |
| 3. | "Without further guidance from California, it is not possible to definitively resolve this ambiguity. However, one practical approach might be to look at a company's accounting policies in determining whether aggregation is appropriate." Hamburger Decl., Ex. B. | Irrelevant. The author's characterization of the contents of S.B. 253 and S.B. 261 is not relevant to the constitutionality of the laws under the First Amendment. | This sentence from Exhibit B to the Hamburger Declaration is not cited in Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Preliminary Injunction. | Sustained<br><br>————<br><br>Overruled<br><br>———— |
| 4. | "Under this reading, in-scope companies would merely be required to report what they actually do to assess climate risk, and would | Irrelevant. The author's characterization of the contents of S.B. 253 and S.B. 261 is not relevant to the constitutionality of the laws under the First Amendment. | This sentence from Exhibit B to the Hamburger Declaration is not cited in Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Preliminary Injunction. | Sustained<br><br>————<br><br>Overruled<br><br>———— |

Gibson, Dunn & Crutcher LLP

| | Statement Objected To | Basis of Objection | Response to Objection | Ruling |
|---|---|---|---|---|
| | not have to conduct any assessment — such as a scenario analysis — that goes beyond their existing practices. Whether California adopts this interpretation in administering or enforcing the law remains to be seen, but this interpretation would appear to be inconsistent with the statutory text of S.B. 261." Hamburger Decl., Ex. B. | | | |
| 5. | "However, in-scope companies that currently do not collect any Scope 1 and 2 greenhouse gas emissions data are advised to begin the process of doing so starting in 2025. CARB is unlikely to consider not collecting any data to constitute good faith efforts under the | Lacks foundation or personal knowledge, and is speculative. Fed. R. Evid. 602, 701. The author does not provide any evidence or basis for the claims as to what CARB's regulations will require. | This sentence from Exhibit B to the Hamburger Declaration is not cited in Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Preliminary Injunction. | Sustained _____ Overruled _____ |

PLAINTIFFS' RESPONSE TO EVIDENTIARY OBJECTIONS
CASE NO. 2:24-CV-00801-ODW-PVC

Gibson, Dunn &
Crutcher LLP

| | Statement Objected To | Basis of Objection | Response to Objection | Ruling |
|---|---|---|---|---|
| | enforcement notice." Hamburger Decl., Ex. B. | | | |
| 6. | Hamburger Decl., Ex. C. [December 27, 2024 *Daily Journal* Article by David R. Singh, et al., entitled "SB 253 puts companies on the climate clock"] | The entire exhibit and every statement therein is hearsay. Fed. R. Evid. 402. | The article is cited for the notion that "[c]ommentators . . . are recommending that companies 'begin to put the right measures in place to comply now.'" Dkt. 78-1 at 6. The exhibit is not cited for the truth of that statement but rather for the fact that industry experts view immediate compliance as mandatory. This is not hearsay under Federal Rule of Evidence 801(c)(1).<br><br>Even if this exhibit were hearsay, a district court may "consider hearsay in deciding whether to issue a preliminary injunction." *Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009). | Sustained<br><br>_____<br><br>Overruled<br><br>_____ |
| 7. | "In October 2023, California enacted Senate Bill 253 (SB 253) to increase regulatory pressure on companies to reduce their environmental impact." Hamburger Decl., Ex. C. | Irrelevant. Fed. R. Evid. 402. The author's characterization of the purpose behind enacting S.B. 253 and S.B. 261 is not relevant to the constitutionality of the laws under the First Amendment. | This sentence from Exhibit C to the Hamburger Declaration is not cited in Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Preliminary Injunction.<br><br>In any event, this statement demonstrates that legal analysts view S.B. 253 and S.B. 261 as designed to compel speech in order to create pressure on companies to adopt certain practices – | Sustained<br><br>_____<br><br>Overruled<br><br>_____ |

Gibson, Dunn & Crutcher LLP

| | Statement Objected To | Basis of Objection | Response to Objection | Ruling |
|---|---|---|---|---|
| | | | which counsels in favor of a preliminary injunction. Even if this statement were inadmissible at trial under the Federal Rules of Evidence, "the Federal Rules of Evidence do not strictly apply in the preliminary injunction context." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1189 (9th Cir. 2024). | |
| 8. | "Also referred to as the Corporate Climate Data Accountability Act and amended in September 2024 by Senate Bill 219, SB 253 represents a seismic shift in corporate climate accountability as it implements new annual reporting requirements for Scope 3 greenhouse gas emissions starting in 2027." Hamburger Decl., Ex. C. | Irrelevant, lacks foundation or personal knowledge, and is speculative. Fed. R. Evid. 402, 602, 701. The author does not provide any evidence or basis for the claim that the enactment of S.B. 253 or 261 represented a "seismic shift" in corporate climate accountability. The author's opinion on this topic is not relevant to the constitutionality of either law under the First Amendment. | This sentence from Exhibit C to the Hamburger Declaration is not cited in Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Preliminary Injunction. In any event, this statement demonstrates that legal analysts view S.B. 253 and S.B. 261 as radical and difficult to comply with – both of which counsel in favor of a preliminary injunction. Even if this statement were inadmissible at trial under the Federal Rules of Evidence, "the Federal Rules of Evidence do not strictly apply in the preliminary injunction context." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, | Sustained _____ Overruled _____ |

Gibson, Dunn & Crutcher LLP

| | Statement Objected To | Basis of Objection | Response to Objection | Ruling |
|---|---|---|---|---|
| | | | 98 F.4th 1180, 1189 (9th Cir. 2024). | |
| 9. | "The indirect nature of Scope 3 emissions gives rise to challenges in tracking emissions, and accurate reporting will require careful coordination across a company's own operations and with suppliers." Hamburger Decl., Ex. C. | Lacks foundation or personal knowledge, and is speculative. Fed. R. Evid. 602, 701. The author does not provide any evidence or basis for the claim that the "indirect nature" of Scope 3 emissions "gives rise to challenges" in tracking them. | This sentence from Exhibit C to the Hamburger Declaration is not cited in Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Preliminary Injunction.<br><br>In any event, this statement demonstrates that legal analysts view S.B. 253 and S.B. 261 as ambiguous and difficult to comply with – both of which counsel in favor of a preliminary injunction.<br><br>Even if this statement were inadmissible at trial under the Federal Rules of Evidence, "the Federal Rules of Evidence do not strictly apply in the preliminary injunction context." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1189 (9th Cir. 2024). | Sustained<br><br>———<br><br>Overruled<br><br>——— |
| 10. | "Accurately reporting Scope 3 emissions will be difficult due to dependence on data from third parties." Hamburger Decl., Ex. C. | Lacks foundation or personal knowledge, and is speculative. Fed. R. Evid. 602, 701. The author does not provide any evidence or basis for the claim that accurately reporting Scope 3 emissions "will be difficult due to | This sentence from Exhibit C to the Hamburger Declaration is not cited in Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Preliminary Injunction.<br><br>In any event, this statement demonstrates that | Sustained<br><br>———<br><br>Overruled<br><br>——— |

| | Statement Objected To | Basis of Objection | Response to Objection | Ruling |
|---|---|---|---|---|
| | | dependence on data from third parties." | legal analysts view S.B. 253 and S.B. 261 as ambiguous and difficult to comply with – both of which counsel in favor of a preliminary injunction.<br><br>Even if this statement were inadmissible at trial under the Federal Rules of Evidence, "the Federal Rules of Evidence do not strictly apply in the preliminary injunction context." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1189 (9th Cir. 2024). | |
| 11. | "SB 253 acknowledges this difficulty with reporting Scope 3 emissions." Hamburger Decl., Ex. C. | Irrelevant.  Fed. R. Evid. 402.  The author's characterization of the contents of S.B. 253 and S.B. 261 is not relevant to the constitutionality of the laws under the First Amendment. | This sentence from Exhibit C to the Hamburger Declaration is not cited in Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Preliminary Injunction.<br><br>In any event, this statement demonstrates that legal analysts view S.B. 253 and S.B. 261 as ambiguous and difficult to comply with – both of which counsel in favor of a preliminary injunction.<br><br>Even if this statement were inadmissible at trial under the Federal Rules of Evidence, "the Federal Rules of Evidence do not strictly apply in the preliminary injunction context." *Flathead-* | Sustained<br><br>_____<br><br>Overruled<br><br>_____ |

Gibson, Dunn &
Crutcher LLP

| | Statement Objected To | Basis of Objection | Response to Objection | Ruling |
|---|---|---|---|---|
| | | | *Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1189 (9th Cir. 2024). | |
| 12. | "However, these safe harbors will not protect companies from reputational risk around violations or litigation by the plaintiff bar, including for violations of consumer protection statutes or securities laws, or breach of fiduciary duties." Hamburger Decl., Ex. C. | Lacks foundation or personal knowledge, and is speculative. Fed. R. Evid. 602, 701. The author does not provide any evidence or basis for the claim that S.B. 253 or 261 will not "protect companies from reputational risk or litigation by the plaintiff bar." | This sentence from Exhibit C to the Hamburger Declaration is not cited in Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Preliminary Injunction.<br><br>In any event, this statement demonstrates that legal analysts view S.B. 253 and S.B. 261 as ambiguous and difficult to comply with – both of which counsel in favor of a preliminary injunction.<br><br>Even if this statement were inadmissible at trial under the Federal Rules of Evidence, "the Federal Rules of Evidence do not strictly apply in the preliminary injunction context." *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1189 (9th Cir. 2024). | Sustained<br><br>_____<br><br>Overruled<br><br>_____ |

Gibson, Dunn & Crutcher LLP

1

2  DATED: April 21, 2025              Respectfully submitted,

3                                     GIBSON, DUNN & CRUTCHER LLP

4
                                      By: */s/ Bradley J. Hamburger*
5                                     Eugene Scalia, SBN 151540
6                                     Bradley J. Hamburger, SBN 266916
                                      Samuel Eckman, SBN 308923
7                                     Brian A. Richman (*pro hac vice*)
                                      Elizabeth Strassner, SBN 342838
8

9                                     *Attorneys for Plaintiffs Chamber of Commerce*
                                      *of the United States of America, California*
10                                    *Chamber of Commerce, American Farm Bureau*
                                      *Federation, Los Angeles County Business Fed-*
11                                    *eration, Central Valley Business Federation*
                                      *and Western Growers Association*
12

13                                    CHAMBER OF COMMERCE OF THE
                                      UNITED STATES OF AMERICA
14

15                                    Stephanie Maloney (*pro hac vice*)
                                      Kevin Palmer (*pro hac vice*)
16

17                                    *Attorneys for Plaintiff Chamber of Commerce*
                                      *of the United States of America*

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP