1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

9
10
11
12
13
14
15

CHAMBER OF COMMERCE OF
THE UNITED STATES OF
AMERICA, CALIFORNIA
CHAMBER OF COMMERCE,
AMERICAN FARM BUREAU
FEDERATION, LOS ANGELES
COUNTY BUSINESS FEDERATION,
CENTRAL VALLEY BUSINESS
FEDERATION, and WESTERN
GROWERS ASSOCIATION,

16

Plaintiffs,

v.

17
18
19
20
21
22
23

LIANE M. RANDOLPH, in her official
capacity as Chair of the California Air
Resources Board, STEVEN S. CLIFF,
in his official capacity as the Executive
Officer of the California Air Resources
Board, and ROBERT A. BONTA, in
his official capacity as Attorney
General of California

Defendants.

Case No. 2:24-cv-00801-ODW-PVCx

**STIPULATED AND PROTECTIVE
ORDER**

24

1.    <u>PURPOSES AND LIMITATIONS</u>

25
26
27

Discovery in this action may involve production of confidential, proprietary
or private information for which special protection from public disclosure and from

28

1

use for any purpose other than pursuing this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2.    GOOD CAUSE STATEMENT

This action may involve trade secrets, customer lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than the prosecution, defense, and/or settlement of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in this action,

including but not limited to in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

      3.     <u>ACKNOWLEDGMENT OF UNDER SEAL FILING PROCEDURE</u>

The parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not—without the submission of competent evidence by

3

declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

4.    <u>DEFINITIONS</u>

4.1    Action: the above-captioned pending federal lawsuit.

4.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

4.3    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for

4

protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

4.4    Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

4.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery.

4.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

4.8    HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items: Protected Material the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

4.9    House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel. House Counsel includes employees of the California Air Resources Board ("CARB").

4.10  Non-Party: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

4.11  Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

4.12  Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

4.13  Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

4.14  Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4.15  Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4.16  Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

5.    SCOPE

5.1 The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or

extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge and other applicable authorities. This Order does not govern the use of Protected Material at trial.

5.2 Data Security of Protected Material. Any Receiving Party or person in possession of or transmitting another Party's Protected Material must maintain an information security program consistent with standard industry practices that is designed to protect and secure the Protected Material from loss, misuse, unauthorized access, unauthorized disclosure, and theft. To the extent a Receiving Party or person does not have an information security program, a Receiving Party may comply with this Data Security provision by having the Protected Material maintained by and/or stored with a secure eDiscovery/litigation support site(s) or claims administrator that maintains an information security program that aligns with standard industry practices. Any Protected Material in paper format must be maintained in a secure location with access limited to persons entitled to access the Protected Material under this Order. Protected Material shall not be copied or otherwise reproduced by a Receiving Party, except for transmission to qualified recipients, without the written permission of the Designating Party or by further order of the Court. If a Receiving Party or any person in possession of or transmitting another Party's Protected Material discovers any loss of Protected Material or a breach of security, including any actual or suspected unauthorized

access relating to another Party's Protected Material, they shall comply with the "Unauthorized Disclosure of Protected Material" provisions in Section 12 of this Order.

6.    DURATION

Once a case proceeds to trial and/or a hearing on one or more dispositive motions, information that was designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or maintained pursuant to this protective order that was used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).

Still, even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing, or a court order otherwise directs. The Court retains jurisdiction even after termination of this Action to enforce this Order and to make such amendments, modifications, deletions, and additions to this Protective Order as the Court from time to time deems appropriate.

7.    DESIGNATING PROTECTED MATERIAL

7.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under

8

this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

7.2    <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure of Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page

that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions, that a Producing Party provide the specific page and line designations over which confidentiality is claimed to the Receiving Party within thirty (30) days of receipt of the final transcript, provided, however, that the Receiving Party will consider reasonable requests for an extension of the deadline. Deposition testimony shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pending the deadline. After the 30-day period, if no Party has designated some or all of that deposition transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Protective Order, the entire deposition, or those portions of the

deposition not designated as confidential, will no longer be considered confidential.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the appropriate legend. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

7.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

8.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

8.1.    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

8.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

8.3    Joint Stipulation. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

8.4    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper

purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

9.    ACCESS TO AND USE OF PROTECTED MATERIAL

9.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

9.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to

disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel, and any appellate court or other court (and their personnel) before which the Parties appear in this Action;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) Any mediator who is assigned to hear this Action, and his or her staff, who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may

be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(j) any mediators or settlement officers and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

9.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, any information or items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(a) The Receiving Party's In-House Counsel;

(b) The Receiving Party's Outside Counsel in this Action;

(c) Experts (as defined in this Order) retained by the Receiving Party and their staff (1) to whom disclosure is reasonably necessary for this Action, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Paragraph 35 have been followed;

(d) The Court and its personnel, and any appellate court or other court (and their personnel) before which the Parties appear in this Action;

(e) Court reporters, videographers, and their staff;

(f) Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) Any mediator who is assigned to hear this Action, and his or her staff, who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(h) During their depositions or a hearing, or during preparations for the same,

current and former employees of the Designating Party in this Action and their attorneys to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that the document is relevant to their work responsibilities during the relevant time and that no copy of any document marked as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information shall be left with the witness or included in the witness's copy of the transcript. Where a former employee is currently employed by a competitor of the Designating Party, the Designating Party may move for a protective order requiring heightened protections at least ten (10) business days prior to the deposition, or may object during the course of the deposition to the disclosure of any particular document marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by explaining the basis for its legitimate concerns of competitive harm. If objecting during the course of the deposition, the objecting party may request a telephonic ruling from the Court. If the Court is not available, the parties will not show the objected-to document to the witness, and will leave the deposition open. It will be the objecting party's obligation to seek a ruling from the Court within three (3) days of the deposition;

(i) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or personally knows the information;

(j) Any other person as to whom the Designating Party has consented to disclosure in advance; and

(k) Such other persons as the Parties may agree or as may be ordered by the

15

Court.

9.4    Nothing contained in this Order shall be construed to restrict or limit the use, dissemination, or disposition by the Designating Party of its own information that it designates as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

9.5.    <u>Exclusion of Individuals from Depositions</u>. Counsel shall have the right to exclude any person who is not authorized by this Order to receive documents or information designated as Protected Materials from any deposition where testimony regarding Protected Materials or the use of Protected Materials is likely to arise, but only during periods of examination or testimony directed to or comprising Protected Material. This paragraph does not apply to the deponent.

9.6    <u>Procedures for Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material to Experts</u>.

(a) Before a Party provides "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material to an Expert retained in connection with the prosecution or defense of this litigation, the Party (both the Designating Party and the Receiving Party) shall disclose to the other (1) the full name of the Expert and the city and state of the Expert's primary residence, and (2) either the name of the Expert's current employer, the Expert's current Curriculum Vitae, or a link to the Expert's website.

(b) A Party that makes a disclosure specified in paragraph 9.7(a) may disclose the subject Protected Material to the identified Expert unless, within seven (7) days of delivering the request, the Party receives a written objection from the other Party.

Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection pursuant to paragraph 9.7(b) must meet and confer with the opposing Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement. If no agreement is reached, the Producing Party may file a motion for protective order that would preclude the expert from receiving "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information within fourteen (14) days of the written objection. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in this paragraph. In any such proceeding, the Party opposing disclosure to the Expert bears the burden of proving that the risk of harm that the disclosure would entail (under the safeguards imposed by this Order) outweighs the opposing Party's need to disclose the Protected Material to its Expert.

(d) Any opposition to a motion for protective order filed pursuant to this paragraph will be filed within seven (7) days of the motion. A reply, if any, will be due within three (3) days of the opposition.

9.7. The restrictions on the use of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information established by this Protective Order are applicable only to the use of the Disclosure or Discovery Material received by a Party from another Party or from a Non-Party. A Party is free to do whatever it desires with its own confidential information, provided that any dissemination of the information by the Party that owns the information may lead to the loss of that information's confidential status.

10.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

11.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

11.1 The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

11.2 In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) make the information requested available for inspection by the Non-Party, if requested.

11.3 If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery

request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

12.1 In this litigation, if a party or nonparty ("Disclosing Party") inadvertently discloses information that is subject to a claim of attorney-client privilege work product protection, official information privilege, and/or deliberative process privilege ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information or its related subject matter in this litigation or in any other court or legal proceeding. Upon notification by the Disclosing Party, the Receiving Party agrees to, in accordance with Federal Rule of Civil Procedure 26(b)(5)(B), (i) return and/or destroy all Inadvertently Disclosed Information, including any copies thereof, and (ii) promptly provide written confirmation of compliance with this provision.

12.2 If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, or if the Receiving Party learns that Protected Materials have been compromised due to a security breach, the Receiving Party must immediately:

(a) notify in writing the Designating Party of the unauthorized disclosures or breach;

(b) use its best efforts to retrieve all unauthorized copies of the Protected Material;

(c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and

(d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached as Exhibit A.

12.3 Nothing in these provisions limits or prohibits a Party or Non-Party from seeking any available legal or equitable remedies or relief for the unauthorized disclosure of its Protected Material, including but not limited to attorneys' fees and costs associated with enforcing its rights under this Order.

13.    MISCELLANEOUS

13.1 Public Knowledge or Independent Acquisition. Notwithstanding any other provision of this Order, no person shall be precluded from using or disclosing, in any lawful manner, any Protected Material that (a) was public knowledge prior to disclosure, other than by public disclosure in violation of a court order, including this or other protective orders; (b) was independently known by that person; (c) either is independently and lawfully developed or is acquired by the Receiving Party from any source, other than the designating source, unless the Receiving Party knows or should know that the person from whom the Receiving Party received the Protected Material came into possession of such Protected Material unlawfully; (d) becomes public knowledge other than by an act or omission of the Receiving Party

or by violation of a court order, including this or other protective orders; or (e) is treated by the Designating Party in a manner that is inconsistent with its status as Protected Material by, for example, freely providing it to other persons—other than members of the Plaintiff business associations—in a non-confidential and non-protective manner. The burden of proving prior possession, prior knowledge, prior public knowledge, or inconsistent treatment of such Protected Material shall be on the Receiving Party.

13.2  <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.3  <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.4  <u>No Waiver</u>. Nothing in this Order shall be deemed a waiver of the right of any party to oppose production of any information or material on any available grounds or to object to the authenticity or admissibility of any document, testimony, or other evidence.

13.5  <u>No Modification of Privileges</u>. Nothing in this Order shall modify the law regarding the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and any other applicable privilege or protection from disclosure to the extent such privilege or protection exists under applicable law.

13.6  <u>Filing Protected Material</u>. A Party that seeks to file under seal any

Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

14.    FINAL DISPOSITION

14.1   Final disposition shall be deemed to be the later of: (a) dismissal of all claims and defenses in this Action, with or without prejudice; and (b) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

14.2   Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final disposition of this Action, each Receiving Party and each Non-Party in receipt of Protected Material pursuant to the procedures in Paragraph 34 above must take reasonable steps to return all Protected Material to the Producing Party or destroy such material, except: (a) backup tapes or other disaster recovery systems that are routinely deleted or written over in accordance with an established routine system maintenance practice; (b) emails sent or received by counsel for the Receiving Party; (c) documents that must be preserved as government records or in compliance with other statutory, regulatory, or legal authorities; or (d) work product kept in the ordinary course of business in which confidential material is referenced or described. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any

other format reproducing or capturing any of the Protected Material.

Whether the Protected Material is returned or destroyed, upon the written request of the Producing Party, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) within a reasonable time after receiving the request that (a) identifies (by category, if appropriate) all the Protected Material that was returned or destroyed, and (b) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Outside Counsel and House Counsel are each entitled to retain copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, settlement conference statements, mediation briefs, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.

15.    Standard Protective Order

This Order supersedes any applicable Standard Protective Order or pre-suit confidentiality agreement, and as of the date of this Order, this Order governs the treatment of Protected Material produced in this action, including Protected Material produced when the Standard Protective Order or pre-suit confidentiality agreement was in effect in this action.

16.    <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.


FOR GOOD CAUSE SHOWN BY THE PARTIES' STIPULATION, IT IS SO ORDERED.

DATED: August 12, 2025

_____
Honorable Pedro V. Castillo
United States Magistrate Judge

**EXHIBIT A**

<u>ACKNOWLEDGEMENT AND AGREEMENT TO
BE BOUND</u>

I, _____[print or type full name], of

_____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California, in the case of *Chamber of Commerce v. Randolph*, No. 2:24-cv-00801-ODW-PVC. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this Action.

I hereby appoint ___ [print or type full name] of [print or type full address and telephone number] as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this Protective Order.

_____

PRINT NAME HERE


_____

SIGN NAME HERE

_____

DATE

_____

COUNTY