EUGENE SCALIA, SBN 151540
  escalia@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: 202.955.8500
Facsimile:  202.467.0539

*Attorneys for Plaintiffs Chamber of Commerce of the United States of America, California Chamber of Commerce, American Farm Bureau Federation, Los Angeles County Business Federation, Central Valley Business Federation, and Western Growers Association*

(*Additional counsel listed on next page*)

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA,

WESTERN DIVISION

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, CALIFORNIA CHAMBER OF COMMERCE, AMERICAN FARM BUREAU FEDERATION, LOS ANGELES COUNTY BUSINESS FEDERATION, CENTRAL VALLEY BUSINESS FEDERATION, and WESTERN GROWERS ASSOCIATION,<br><br>Plaintiffs,<br><br>v.<br><br>LIANE M. RANDOLPH, in her official capacity as Chair of the California Air Resources Board, STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board, and ROBERT A. BONTA, in his official capacity as Attorney General of California.<br><br>Defendants. | CASE NO. 2:24-cv-00801-ODW-PVC<br><br>**DECLARATION OF MARTIN DURBIN** |

```
 1  BRADLEY J. HAMBURGER,
       SBN 266916
 2     bhamburger@gibsondunn.com
    SAMUEL ECKMAN, SBN 308923
 3     seckman@gibsondunn.com
    ELIZABETH STRASSNER,
 4     SBN 342838
 5     estrassner@gibsondunn.com
    GIBSON, DUNN & CRUTCHER LLP
 6  333 South Grand Ave.
    Los Angeles, CA 90071-3197
 7  Telephone: 213.229.7000
    Facsimile:  213.229.7520
 8
 9  BRIAN A. RICHMAN
    (pro hac vice)
10     DC Bar No. 230071
       brichman@gibsondunn.com
11  GIBSON, DUNN & CRUTCHER LLP
12  2001 Ross Ave., Suite 2100
    Dallas, TX 75201-2923
13  Telephone: 214.698.3100
    Facsimile:  214.571.2900
14
    Attorneys for Plaintiffs Chamber of Commerce of the United States of America,
15  California Chamber of Commerce, American Farm Bureau Federation, Los Angeles
    County Business Federation, Central Valley Business Federation, and
16  Western Growers Association
17  STEPHANIE A. MALONEY
    (pro hac vice)
18     DC Bar No. 104427
       smaloney@uschamber.com
19  KEVIN PALMER
    (pro hac vice)
20     DC Bar No. 90014967
       kpalmer@uschamber.com
21  CHAMBER OF COMMERCE OF THE
22  UNITED STATES OF AMERICA
    1615 H Street, NW
23  Washington, D.C. 20062-2000
    Telephone: 202.659.6000
24  Facsimile:  202.463.5302
25  Attorneys for Plaintiff Chamber of Commerce of the United States of America
```

Gibson, Dunn &
Crutcher LLP

DECLARATION OF MARTIN DURBIN
CASE NO. 2:24-CV-00801-ODW-PVC

1. My name is Martin Durbin. I am the Senior Vice President for Policy at the Chamber of Commerce of the United States of America. In that capacity, I oversee the entirety of the Chamber's Policy Division.

2. I am also President of the Chamber's Global Energy Institute (GEI), and in that capacity, I lead strategic development and implementation of the Chamber's climate, energy, and sustainability policy.

3. My leadership of the Policy Division also includes oversight of the operations of the Center for Capital Markets Competitiveness (CCMC). CCMC works to advance America's global leadership in capital formation by supporting diverse capital markets that are the most fair, transparent, efficient, and innovative in the world. This work includes advocating for responsible corporate governance and financial reporting measures at the state, federal, and international levels.

4. I am over 18 years old. This Declaration is based upon my personal knowledge and belief and/or upon my review of business records of the Chamber. If called as a witness, I could and would testify competently thereto.

5. My former Chamber colleague, Thomas Quaadman, submitted a declaration in this matter on February 25, 2025. At that time, Mr. Quaadman led CCMC. [*See* Quaadman Dec., Dkt. 78-4.]

6. I have reviewed Mr. Quaadman's declaration, and here restate and incorporate paragraphs 3 through 9 of that declaration in their entirety.

7. I submit this further declaration in my role overseeing both the Chamber's corporate governance and sustainability initiatives to address intervening developments.

**CARB's August 21 Workshop**

8. On August 21, 2025, the California Air Resources Board (CARB) held a workshop regarding the implementation of S.B. 253 and S.B. 261. At this workshop, CARB officials provided regulated entities with more precise information on when and how the agency will enforce the two laws.

9. CARB officials' presentation at this workshop included a slideshow. I have reviewed these slides, which are available on CARB's public website. SB 253/261/219 Public Workshop: Regulation Development and Additional Guidance, *available at* https://ww2.arb.ca.gov/sites/default/files/2025-08/SB%20253%20261%20workshop%20slides%208-21.pdf. A true and correct copy of the slides is attached here as **Exhibit A**.

10. The August 21 workshop reinforced the concerns of Chamber members about CARB's plans to begin enforcing S.B. 261 on January 1, 2026, and the burdensome steps regulated entities must take well before that date to prepare to issue the required reports. Further, S.B. 253 also compels speech, and CARB has proposed enforcing penalties for non-compliance as soon as June 30, 2026. [Ex. A at 34.]

11. Many of the Chambers's members will fall within the scope of S.B. 253 and 261 based on their annual revenues and business in California.

**S.B. 261's Effects on the Chamber's Members**

12. At the August 21 workshop, CARB confirmed it will require companies to be in full compliance with S.B. 261 by January 1, 2026. [Ex. A at 27.] CARB also stated that it will open a portal on December 1, 2025 for the purpose of collecting companies' required climate-related risk disclosures. [*Id.*]

13. At the workshop, CARB provided additional detail, consistent with the provisions of S.B. 261, on the statements the Chamber's members will be compelled to make by January 1, 2026. As presented at the workshop, the CARB slides highlight the various disclosures that a company must provide, including:

- its "governance structure for identifying, assessing, and managing climate-related financial risks";
- how its governing "Board [oversees] those climate-related risks";
- "the actual and potential impacts of climate-related risks and opportunities on the company's operations, strategy, and financial planning";

- "the resilience of the organization's strategy, taking into account the future impacts of climate change under various climate scenarios";
- its qualitative process for "identifying, managing and assessing climate-related risks, and how those considerations and processes are integrated into the organization's overall risk management"; and
- its "metrics and targets used to assess and manage relevant climate-related risks."

[Ex. A at 30-33.]

14. As the CARB slides make clear, the speech compelled by S.B. 261 is subjective and concerns a topic of significant controversy and public policy debate. S.B. 261 requires members of the Chamber to publish qualitative assessments as to their climate-related financial risks, conveying a specific philosophy of environmental sustainability.

15. Some Chamber members have not spoken on these matters of public controversy and do not wish to do so.

16. S.B. 261 applies to companies regardless of whether they voluntarily make statements about their climate-related risks, emissions, or sustainability initiatives. It compels speech that is not tethered to their advertisements or to any product or service they offer, in California or elsewhere.

17. If not enjoined, Chamber members will be compelled to speak against their will to ensure compliance with S.B. 261 as of January 1, 2026. Such speech cannot be unsaid if S.B. 261 is eventually declared unlawful. The reports that they issue will live on in the public square.

18. Compliance with S.B. 261 will also require Chamber members to pay fees to support the State's implementation of it. At the August 21 workshop, CARB estimated that each Covered Entity will be required to pay a $1,403 annual implementation fee for S.B. 261. [Ex. A at 24.]

19. Chamber members are continuing to incur unrecoverable costs to create the reports required by S.B. 261 in advance of the January 1, 2026 compliance deadline.

**S.B. 253's Effects on the Chamber's Members**

20. At the August 21 workshop, CARB officials announced that CARB "[s]taff are proposing a June 30, 2026 implementation date" for Scope 1 and Scope 2 emissions under S.B. 253. [Ex. A at 34.] S.B. 253's Scope 3 reporting requirements are scheduled to take effect in 2027.

21. Compliance with S.B. 253's requirements to report Scope 1, 2, and 3 emissions will impose several costly and burdensome steps on the Chamber's members. These disclosures go far beyond many members' voluntary disclosures, or disclosure requirements under existing state, federal, and international laws and regulations.

22. Proper attribution of a company's emissions, particularly Scope 3 emissions, is a controversial matter of public debate. Some Chamber members do not agree with California's definition of what constitutes a company's reportable emissions and believe that compliance with S.B. 253 would compel them to make misleading or inaccurate statements.

23. Some Chamber members fear that being compelled to make these statements could damage their business.

24. Because the calculation and attribution of emissions defined in S.B. 253 is itself a matter of debate, some Chamber members choose not to voluntarily disclose emissions data. These members refrain from participating in the public square on this topic.

25. Like S.B. 261, S.B. 253 applies to companies regardless of whether they voluntarily make statements about their emissions, climate-related risks, or sustainability initiatives.

26. Moreover, complying with S.B. 253 will require Chamber members to pay fees to support the State's implementation of its requirements. At the August 21 workshop, CARB calculated these fees at $3,106 per year. [Ex. A at 24.]

27. If not enjoined, Chamber members will be forced to make these public statements that they would not otherwise make. And those statements cannot be undone. Nor can any effects they have on the members' relationships or customer goodwill be undone.

Pursuant to 28 U.S.C. §1746, I, Martin Durbin, declare under penalty of perjury that the foregoing is true and correct.

Executed on September 2, 2025, at Washington, D.C.

*[signature]*

Martin Durbin