O

# United States District Court
# Central District of California

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA et al., <br><br> Plaintiffs, <br><br> v. <br><br> CALIFORNIA AIR RESOURCES BOARD et al., <br><br> Defendants. | Case № 2:24-cv-00801-ODW (PVCx) <br><br> **ORDER DENYING PLAINTIFFS' MOTION FOR INJUNCTION PENDING APPEAL [116]** |

## I. INTRODUCTION

Plaintiffs bring this action challenging California Senate Bills ("SB" or "SBs") 253 and 261 for violations of the First Amendment. (*See* First Am. Compl. ("FAC") ¶¶ 92–112, ECF No. 28.) Plaintiffs moved for a preliminary injunction seeking to enjoin both laws, (Mot. Prelim Inj., ECF No. 78), and the Court denied the motion, (Order Den. Prelim. Inj. ("Order PI"), ECF No. 112). Plaintiffs now move for an injunction pending appeal. (Mot. Inj. Pending Appeal ("Motion" or "Mot."), ECF No. 116.) For the reasons below, the Court **DENIES** Plaintiffs' Motion.[1]

---

[1] Having carefully considering the papers filed in support of the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the Court **VACATES** the September 15, 2025 hearing.

## II. BACKGROUND

The Court incorporates by reference the background in the Court's Order denying Plaintiffs' motion for preliminary injunction. (Order PI 2–6.)

On February 25, 2025, Plaintiffs moved for a preliminary injunction, asking the Court to enjoin SBs 253 and 261 on First Amendment grounds. (*See generally* Mot. Prelim. Inj.) The Court denied Plaintiffs' motion. (Order PI). Plaintiffs appealed the Court's Order to the Ninth Circuit. (Notice Appeal, ECF. No. 114.) Plaintiffs now ask the Court to enjoin the enforcement of SBs 253 and 261 during the pendency of the appeal. (Mot. 1.) The Motion is fully briefed. (Opp'n, ECF No. 120; Reply, ECF No. 122.)[2]

## III. LEGAL STANDARD

The standard for issuing an injunction pending appeal is similar to that governing a motion for a preliminary injunction. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Feldman v. Ariz. Sec'y of State's Off.*, 843 F.3d 366, 367 (9th Cir. 2016). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). It "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20; *NetChoice, LLC v. Bonta*, 113 F.4th 1101, 1115 (9th Cir. 2024). The first two factors are "the most critical." *Nken v. Holder*, 556 U.S. 418, 434 (2009). Where, as here, the party opposing injunctive relief is a government entity, "the third and fourth factors 'merge.'" *X Corp. v. Bonta*, 116 F.4th 888, 898

---

[2] The Court declines to consider Plaintiffs' arguments and accompanying evidence submitted for the first time in their reply brief pertaining to the burden of compliance with SBs 253 and 261. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *see also Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (noting that courts will not consider new evidence first submitted in a reply brief because the opposing party has no opportunity to respond to it).

(9th Cir. 2024) (quoting *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 695 (9th Cir. 2023)).

In the Ninth Circuit, the *Winter* factors may be evaluated on a sliding scale: "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation marks omitted).

Plaintiffs seeking a preliminary injunction bear a "heavy burden." *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) (discussing that plaintiffs "face a difficult task in proving that they are entitled to this 'extraordinary remedy'").

## IV.     DISCUSSION

Plaintiffs argue that they are entitled to injunctive relief under the "sliding scale" approach to the *Winter* standard. (Mot. 2.) Accordingly, the Court first determines if there are "serious questions going to the merits," before examining whether the "balance of hardships tips sharply in the plaintiff's favor." *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017).

**A.     Serious Questions Going to the Merits**

Plaintiffs have not shown that they raise "serious questions going to the merits." *Id.* As an initial matter, the "serious questions" approach does not require a "separate and independent analysis from the court's assessment of [a plaintiff's] likelihood of success on the merits." *Lopez v. Brewer*, 680 F.3d 1068, 1073 (9th Cir. 2012). When a plaintiff fails to demonstrate a likelihood of success on the merits, the plaintiff necessarily cannot establish that there are serious questions going to the merits. *Id.*; *see Cottrell*, 632 F.3d at 1135–36 (assessing the plaintiffs' likelihood of success on the merits under the "serious questions" approach).

The Court previously considered—and rejected—Plaintiffs' argument that they show a likelihood of success on the merits. (Order PI 26–40.) It held that "Plaintiffs

have not shown a likelihood of success on the merits with respect to either of its facial First Amendment challenges to SBs 253 and 261." (*Id.* at 40.) Plaintiffs now ask the Court to revisit its conclusion but fail to show any material changes warranting the Court's reconsideration. (*Id.* at 26–40; *see* Mot. 5–14.) It follows that Plaintiffs also fail to show that they raise serious questions going to the merits. *See Lopez*, 680 F.3d at 1073 ("Because the district court did not err in determining that [the plaintiff] failed to demonstrate a likelihood of success on the merits, it follows that [the plaintiff] also failed to raise serious questions going to the merits.").

Accordingly, Plaintiffs' Motion is denied on this basis alone. *See Ravalli Cnty. Republican Cent. Comm. v. McCulloch*, No. 15-35967, 2016 WL 1161301, at *1 (9th Cir. Mar. 3, 2016) ("Because appellants have made an insufficient showing of either likelihood of success on the merits or the likelihood of irreparable harm, the motion [for injunction pending appeal] is denied." (citation omitted)).

## B. Balance of Hardships

For the same reasons, Plaintiffs also fail to demonstrate that the balance of hardships tips sharply in their favor. The Court previously held that because Plaintiffs "have not demonstrated that the laws violate the First Amendment, they have also not shown irreparable harm." (Order PI 40.) As above, Plaintiffs offer nothing to disturb this conclusion. Thus, Plaintiffs fail to show that the balance of hardships tips sharply in their favor. *CTIA – The Wireless Ass'n v. City of Berkeley*, 928 F.3d 832, 852 (9th Cir. 2019) (finding challengers failed to demonstrate any hardship tipping the balance in their favor where their "First Amendment claim is unlikely to succeed").

As Plaintiffs have not satisfied the first two, and most critical, factors under the "sliding scale" approach to the *Winter* test, the Court need not address the remaining factors. Accordingly, the Court finds that Plaintiffs have failed to meet their burden required to obtain injunctive relief and declines to issue the injunction pending appeal.

4

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiffs' Motion for Injunction Pending Appeal. (ECF No. 116.)

**IT IS SO ORDERED.**

September 11, 2025

                                            **OTIS D. WRIGHT, II**
                                       **UNITED STATES DISTRICT JUDGE**